STEWART and another, Trustees, Plaintiffs in error, vs. EVERTS, Defendant in error.

*January 30 — February 25, 1890.*

*(1) Appeal: Reversal: New trial. (2–4) Railroads: Injury to passenger: Broken rail: Evidence: Condition of track at other places and times. (5) Medical expert: Plaintiff's declarations in his own behalf.*

Upon reversing the judgment in an action at law tried by a jury, this court will not generally direct a judgment to be entered, but will remand the cause for a new trial.

2. In an action for personal injuries sustained by a passenger on a railroad by reason of a broken rail, it was error to admit evidence other defects in the track not in the same vicinity and which could not have contributed to the accident.

3. But evidence as to the soundness of the ties and the condition of the roadbed at the place of the accident, when it was repaired about six months later, was competent as tending to show the condition at the time of the accident.

4. In such a case it was error to allow the plaintiff to introduce in evidence pieces of the broken rail picked up at the place of the accident six months after it occurred, and which had been exposed to the action of the weather from January until June, and to allow the jury to draw therefrom a conclusion as to the soundness of the rail.

5. A medical expert consulted, after the commencement of an action for personal injuries, solely that he might be called as a witness, should not be allowed to testify on behalf of the plaintiff to the statements made by the latter as to his symptoms, pains, feelings, and condition from the time of the accident to the time of such consultation.

ERROR to the Circuit Court for *Portage* County.

The case is stated in the opinion.

*D. S. Wegg* and *Howard Morris*, for the plaintiffs in error, to the point that the court erred in admitting evidence as to the condition of the railroad other than at the exact time and place of the accident, cited *Grand Rapids & I. R. Co. v. Huntley*, 38 Mich. 537; *Reed v. N. Y. C. R. Co.* 45 N. Y. 574; *Ruggles v. Nevada*, 63 Iowa, 185; *Kuhns v. W. I. & N. R. Co.* 70 id. 561; *Parker v. Portland Pub. Co.* 69 Me. 173; *Dougan v. Champlain Transp. Co.* 56 N. Y. 1; *Baird v. Daily*, 68 id. 547; *Dale v. D., L. & W. R. Co.* 73 id. 468; *Pattee v. C., M. & St. P. R. Co.* 5 Dak. 267; *Sidekurn v. W., St. L. & P. R. Co.* 30 Am. & Eng. R. Cas. 640; *Hipsley v. K. C., St. J. & C. B. R. Co.* 27 id. 287; *Little Rock & F. S. R. Co. v. Eubanks*, 31 id. 176; *Louisville & N. R. Co. v. Fox*, 11 Bush, 495; *Morse v. M. & St. L. R. Co.* 30 Minn. 467; *Bloor v. Delafield*, 69 Wis. 273; *Phillips v. Willow*, 70 id. 6; *Gibbons v. W. V. R. Co.* 58 id. 335.

For the defendant in error there was a brief by *Cate, Jones & Sanborn*, and oral argument by *D. Lloyd Jones*. To the point that evidence was admissible to show the condition of the track, roadbed, ties, and iron at and near the place of accident, they cited *Randall v. N. W. Tel. Co.* 54 Wis. 140; *Peoria, P. & J. R. Co. v. Reynolds*, 88 Ill. 418;

*Murphy v. N. Y. C. R. Co.* 66 Barb. 125; *Holyoke v. G. T. R. Co.* 48 N. H. 541; *Reed v. N. Y. C. R. Co.* 56 Barb. 493; *Pittsburg, C. & St. L. R. Co. v. Thompson,* 56 Ill. 138.

TAYLOR, J.   The defendant in error brought an action in the circuit court to recover damages of the plaintiffs in error, as trustees in possession of and operating the Wisconsin Central Railroad in this state, for an alleged injury received by him while traveling as a passenger on a railroad train on said road.   The injury occurred on a very cold morning in January, by the breaking of a rail, and throwing the cars from the track, and thereby injuring the plaintiff who was at the time in the postal car of said train.   The claim of the plaintiff on the trial was that the breaking of the rail was caused by the imperfect construction and maintenance of the road at the place of the accident.   The plaintiffs in error contended that the accident was the result of the extreme cold at the time, being from thirty to forty degrees below zero, and not from any defect in the construction or maintenance of the track at the place of the accident.   On the trial, the plaintiff in the court below recovered a verdict; and from the judgment entered upon such verdict the defendants bring a writ of error to this court, alleging several grounds of error.

On the hearing in this court, the learned counsel for the plaintiffs in error contend that, upon the whole evidence given on the trial, the learned circuit judge should have directed a verdict for the defendants, and asks this court to reverse the judgment of the circuit court for error in that respect, and to remand the case with directions to the circuit court to enter a verdict for the defendants.   If we were of the opinion that the learned counsel were correct in their contention that the circuit court should, upon the whole evidence, have directed a verdict for the defendants, still we are of the opinion that this court, upon appeal,

ought not to direct such disposition of the case on reversal of the judgment. As a general rule, this court can only reverse the judgment of the trial court in an action at law, when the case is tried by a jury upon issues of fact, and remand the case for a new trial. We have no authority to direct the trial court to correct the error upon an issue of fact, and enter judgment. We cannot say that the party who failed in his proofs on the first trial may not sustain the issue upon a new trial. Upon an appeal or writ of error from a judgment at law, when the action is tried by a jury, this court does not retry the case, but simply corrects the errors, if any, which have occurred upon the trial in the court below, and it is only in exceptional cases that this court will direct a judgment to be entered in the action by the court below. *Pickett v. School Dist.* 25 Wis. 551, 559. In this case the trial court was directed to dismiss the complaint, because it was apparent that the plaintiff could not, upon any state of the proofs he might make upon a new trial, recover in the action.

The learned counsel for the plaintiffs in error allege as error that the court permitted, against their objections, evidence to be introduced on the part of the plaintiff showing or tending to show that the track of their railroad was out of repair at points distant from the place of the accident. We think the court extended the rule too far in allowing the plaintiff to show the condition of the track at places not in the vicinity of the place where the accident occurred, and which defects in the road could not, by any possibility, have in any way contributed to the accident which occurred at the time of the plaintiff's injury.

The plaintiff was permitted to bring into court and exhibit to the jury pieces of a broken rail which the plaintiff claimed to have picked up at the place of the accident about six months after the accident occurred. He was also allowed to comment to the jury upon the character and

Stewart and another vs. Everts.

condition of these pieces of rail in his opening argument. To the introduction of these pieces of rail in evidence, and to the comments of the counsel to the jury upon their character and condition, the defendants duly excepted. We think it was error to permit the plaintiff to exhibit these pieces of rail to the jury and comment on them in his argument to the jury. One claim of the plaintiff was that the rail was an imperfect one, and the jury found that it "was not a good, sound rail." After careful review of the evidence upon this question, it appears to me that there is no evidence tending to show the rail was not a good, sound rail, unless it can be inferred that it was not because it was broken by the passage of the train, or from the pieces of rail produced and exhibited by the plaintiff to the jury.

Admitting that the pieces of rail produced in court were sufficiently identified as pieces of the broken rail (which is, certainly, not clearly established), it seems to us that it was error to permit the jury to draw a conclusion as to the soundness or unsoundness of an iron rail by an inspection of pieces of it more than six months after the accident, and after the pieces exhibited had been exposed to the action of the weather from January until June. It is evident that after such exposure no inexperienced man could tell whether there were any flaws in the iron at the places where it was broken; and it is equally clear that the inexperienced jurors would not be competent, from mere inspection, to determine the quality of the iron at the time of the breakage. The only object of the introduction of this evidence to the jury must have been to allow them to judge, from the present appearance of the pieces of iron exhibited, whether, at the time they were broken from the rail, such rail was a good and sound rail; and for that purpose, we think, it was clearly incompetent. It would certainly require more than ordinary skill and knowledge in any person to draw any correct inference from such examination of the broken rail.

There is no presumption nor proof that the jurors were persons of knowledge or skill in regard to these matters. I do not suppose the learned counsel for the plaintiff would contend that it would have been competent on his part to have called as a witness a man of ordinary intelligence, and without showing him to have had any experience or scientific knowledge upon the subject, and asked him whether, from an examination of the pieces of the rail then in court, the rail from which they were broken was at the time a sound rail. Yet that is the very question he propounds to each of the jurors by the exhibition of these pieces to them and by his comments upon them in his argument. The question of the decay and rottenness of iron is not a question of common knowledge, which is supposed to be known by all men of ordinary intelligence. It is not like the decay and rottenness of wood, the evidences of which are so clear and manifest that any person of ordinary intelligence can understand them.

The counsel for the plaintiffs in error took exception to the statements made by the expert witness, Dr. Clevenger. The doctor was consulted by the plaintiff after this action was commenced, for the purpose of being a witness on the trial of this action on the part of the plaintiff, and not for the purpose of medical advice or treatment. Against the objection of the defendants, this witness was permitted to detail all the statements made to him by the plaintiff of his symptoms, pains, feelings, and his condition, from time to time, from the date of his injury down to the time of his consulting with him. From an examination of the plaintiff's testimony given upon the trial as to his symptoms, pains, feelings, and the condition of his health, since the accident, and the testimony of Dr. Clevenger as to his statements to him upon the subject, it will be seen that what the doctor testifies to as to the statements made to him correspond almost literally with those made by the

plaintiff on the trial. There was therefore no necessity that the statements made by the plaintiff to Dr. Clevenger should be detailed by him on the trial, in order that he might form a correct opinion whether the troubles of the plaintiff were properly attributable to his injuries received at the time of the accident.

It will hardly be contended that the plaintiff could have introduced these statements, made by himself long after the action was commenced, as evidence on his part to prove the effect which the accident had upon his health, or to corroborate his statements made under oath as a witness on the trial of the action; and, if they were not admissible for these purposes, we fail to see how they are admissible at all, unless they were admissible in order to enable the expert witness to determine as to what was the real nature of his troubles at the time he was examined by him. It is clear that they were not admissible for the purpose of determining whether such present condition of the plaintiff was attributable to the accident, and it was mainly for that purpose that such statements were admitted. The statements of a party made in his own favor are seldom, if ever, received as evidence in his own behalf, except when they are made at such times and under such circumstances as to be a part of the *res gestæ*. It may be urged that this evidence could not have prejudiced the defendant, because the plaintiff made the same statements to the jury as a witness on the trial. This fact has never been held a sufficient reason for holding that the statements of the party made out of court, and not under oath, may be received in evidence on the trial. It is a method of bolstering up or sustaining the evidence of a party which has never received the sanction of the courts, and is clearly not admissible. That this evidence was improperly received is clearly shown by the following authorities: *Illinois Cent. R. Co. v. Sutton*, 42 Ill. 441; *Roosa v. Boston Loan Co.* 132 Mass. 439; *Railroad Co.*

*v. Huntley*, 38 Mich. 543; *Heald v. Thing*, 45 Me. 392; *Quaife v. C. & N. W. R. Co.* 48 Wis. 513, 526; *Kreuziger v. C. & N. W. R. Co.* 73 Wis. 158, 164. Whatever may be the rule as to the admissibility of the statements made by a party when consulting a physician or surgeon for the purpose of obtaining advice or treatment for his disease or injury, we are clear that, when such statements are made by the party after action commenced, to an expert, for the sole purpose of calling such expert as a witness for himself on the trial of the action to give an opinion as to the nature of his complaint or injury and its connection with certain alleged causes, such statements are inadmissible in his own behalf. To allow such statements to be given in evidence would be to allow the party to give in evidence his declarations made not under oath, to bolster up and confirm his statements made on the trial under oath, which all courts hold to be incompetent and not permissible. This rule of exclusion is especially applicable to the case where the person whose state of health or whose injuries are the subject of controversy, is himself a competent witness in the case, and is sworn and examined in regard to his health or injuries.

It was also objected by the counsel for the plaintiffs in error that it was error to permit the plaintiff to show what the condition of the ties was at the place of the accident the next summer, when the road was repaired at the point where the accident happened. We think the evidence as to the condition of the ties at that place, as to their soundness, and the condition of the roadbed there at the time the ties were removed in the summer after the accident happened, competent evidence as tending, to some extent, to show the condition at the time of the accident. The mere fact that the road was repaired at that place six months after the accident, would not in itself be competent evidence tending to show that it was out of repair when the

accident happened; but if, in making such repairs, it was found that the ties were in such a state of decay as to fairly lead to the conclusion that they were in a decayed state when the accident happened, or that the condition of the roadbed was such as would fairly tend to prove that it was not in a safe condition when the accident happened, such evidence would be clearly admissible. Its weight would be a question for the jury.

For the errors in admitting evidence above mentioned, the judgment of the circuit court must be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.