OTIS W. FIRKINS v. CHICAGO GREAT WESTERN RAILWAY COM-
PANY.[1]

May 6, 1895.

Nos. 9241—(53).

**Evidence—Declarations as to Suffering.**
> Whenever the bodily or mental feelings of a person are material to be proved, the usual expressions of such feelings are original and competent evidence.   Such expressions are regarded as verbal acts.   But such evidence must not be extended beyond the necessity upon which it is founded.   It must be confined strictly to such complaints, expressions, and exclamations as furnish evidence of a present existing pain or malady.

**Same.**
> On the trial of a personal injury case, a witness for plaintiff testified that in a hospital car, several hours after the accident, he asked the latter: "What is the matter?   How badly are you hurt?"   Against objection, the witness was allowed to state that plaintiff replied: "I can't tell, but I am pretty badly off."   *Held* error.

Appeal by defendant from an order of the district court for Hennepin county, Smith, J., denying a motion for a new trial after a verdict in favor of plaintiff for $3,500.   Reversed.

*J. F. McGee,* for appellant.

*Simpson & Lang,* for respondent.

[1] Reported in 63 N. W. 172.

COLLINS, J. On the trial of this action, which was brought to recover for injuries received by plaintiff in a railroad accident, the issues were principally over the extent of the injuries and the amount plaintiff was entitled to recover therefor. One of plaintiff's witnesses, not a physician, had visited him while he was in a hospital car, some three or four hours after the accident occurred, and had testified as to his appearance then, and that his head was bandaged. The witness then volunteered the statement that he asked plaintiff: "What is the matter? How badly are you hurt?" whereupon defendant's counsel objected to the giving in evidence of plaintiff's answer. The objection was overruled, and the answer admitted, which was: "I can't tell, but I am pretty badly off." A motion to strike out this question and answer was denied, and the rulings whereby this evidence was allowed to go to the jury are questioned by the assignments of error. We are of the opinion that the rulings were erroneous.

This court has held that statements by a sick or injured person made to his medical attendant in relation to his present condition, suffering, or symptoms may be given in evidence by such attendant. It was said that the evidence of such statements or declarations is received from necessity, because it is the only way in which the bodily condition of a patient in many cases can be ascertained. The rule laid down in 1 Greenl. Ev. § 102, was cited, and it was added that "the rule is to be carefully applied, and not unduly extended." Johnson v. Northern Pacific R. Co., 47 Minn. 430, 50 N. W. 473. And there is an abundance of authority for the proposition that evidence of this nature is admissible, under some circumstances, coming from the lips of a witness who is not a physician, or surgeon, although it is said that it will have greater weight if the statements or declarations were made to and can be proved by a medical attendant. Speaking of this class of testimony, it was remarked in Reed v. New York C. R. Co., 45 N. Y. 574, that these declarations have been received as original evidence, and when made to a medical attendant, that he might be enabled to minister to the patient, have been regarded as competent evidence, and entitled to weight; that there is good reason for this, but that in every other case the admission of testimony so exceptional and such a departure from the established rules of evidence must be

referred to the necessities of the case and the inability of the party to give evidence of a higher and more satisfactory nature. And it was also said in Caldwell v. Murphy, 11 N. Y. 416, that: "It is one of the natural concomitants of illness and of physical injuries, for the sick or injured person to complain of pain and distress. A complaint, it is true, may be simulated, but it is generally real. I think such evidence is admissible from the necessity of the case, and that it may safely be left to the jury, in connection with the other evidence touching the alleged sick or injured person's condition." And in Aveson v. Kinnaird, 6 East, 188, Lord Ellenborough put it in this form: "If inquiries of patients by medical men, with the answers to them, are evidence of the state of health of the patients at the time, this must be evidence. What were the complaints, what the symptoms, what the conduct of the parties themselves at the time, are always received in evidence upon such inquiries, and must be resorted to, from the very nature of the thing." This class of evidence is always treated and considered as coming within the exception as to res gestæ under which hearsay is admissible.

Although the rule we have mentioned, and under which exclamations, indications, and complaints of pain and suffering by sick or injured parties are admissible in evidence, seems firmly ingrafted upon our system, there are many thoroughly considered cases in which it has been asserted that by the application of it the tendency has been to overthrow that fixed principle of the law that the best evidence which the case is susceptible of shall be produced. We are confident that no one who examines the cases and realizes to what extent some courts have gone in support of the admissibility of proof of exclamations, statements, and complaints of pain and suffering made by injured persons, from the day their injuries were received down to the very hour of the trial, will dispute the statement that too much latitude has been given, and the door opened wide to the introduction of simulated and false proofs. We cannot encourage and promote what we regard as a dangerous tendency and a growing evil,—an infringement upon well-settled rules of evidence,—by indorsing the rulings complained of.

Counsel for respondent relies upon Insurance Co. v. Mosley, 8 Wall. 397, to sustain the trial court. Two of the justices dissented

from the decision, and, notwithstanding the high character of the court rendering the same, it has often been severely criticised. But, should we coincide with it, we should have to go a step further to sustain these rulings. That part of the opinion which is pertinent here referred to a ruling of the court by which a son of the assured was permitted to state that he saw his father lying on the counter of the store about 12 o'clock at night, and, upon asking what was the matter, was answered that he had fallen down the back stairs and hurt himself very badly. This conversation was immediately after the fall. The witness was also permitted to testify that on the next day his father said that he felt badly, and on the following day that he was a little worse, if anything. The court held that all of the testimony was competent, and laid down the rule that whenever the bodily or mental feelings of a person are material to be proved the usual expressions of such feelings are original and competent evidence. Such declarations are regarded as verbal acts, and are as competent, it was said, as any other testimony, when relevant to the issue.

But there is a limitation to the rule which must be strictly observed. Such evidence must not be extended beyond the necessity upon which it is founded. It must be confined strictly to such complaints, expressions, and exclamations as furnish evidence of a present existing pain or malady,—citing Bacon v. Inhabitants of Charlton, 7 Cush. 579. Tested by this rule, the evidence now in question was improperly admitted. The plaintiff was asked: "What is the matter? How badly are you hurt?" and his answer, taken in connection with the question, as it must be, was that he was pretty badly hurt. This was not an expression or an exclamation or a complaint indicating present pain or suffering coming involuntarily from one in distress. It was not a verbal act which indicated the bodily or mental feeling of the plaintiff, but was his opinion as to how badly he had been injured, at a time quite remote from the accident itself. If such evidence could be permitted to go to a jury, nothing would stand in the way of the introduction of similar questions and answers up to the time of the trial.

Order reversed.