JOHN B. WEBER, Executor, v. ST. PAUL CITY RAILWAY COMPANY.[1]

January 12, 1897.

Nos. 10,334—(144).

Personal Injury — Evidence of Physician — Statement of Injured Party.

On the trial of an action for the recovery of damages for personal injuries alleged to have been sustained by plaintiff's testator by reason of the collision of defendant's street cars while he was a passenger on one of them, in which action the plaintiff's allegation of negligence resulting in such injuries was denied by the defendant, the attending physician was permitted, against objection, to testify that four or five days after

[1] Reported in 69 N. W. 716.

the time of such injury the plaintiff's testator stated to him "that he was sitting in the back part of the car, and did not see this other car that came in collision with this one until it was almost onto them; and that he rose, and grabbed hold of a window, or the side of a window, and just at that time the car struck and wrenched him around, and threw him partly on the floor and partly on the opposite seat of the car." *Held* error.

Appeal by plaintiff from an order of the district court for Ramsey county, Brill, J., granting a motion for a new trial. Affirmed.

*John A. Lovely, J. F. George,* and *C. D. & Thos. D. O'Brien,* for appellant.

If there was error on the part of plaintiff's counsel on the McCord incident, defendant's counsel are in pari delicto. See Hayne, New Trial, § 108; Turner v. McIlhaney, 8 Cal. 575; People v. Montgomery, 53 Cal. 577. If the verdict is undeniably correct a new trial will not be granted, notwithstanding the admission of improper testimony. State v. Engle, 1 Zabriskie, 347; Stephens v. Crawford, 1 Kelly, 574; McMulley v. Mayo, 8 S. & M. 298; Van Cort v. Van Cort, 4 Edw. Ch. 621; Carlock v. Spencer, 2 Eng. (Ark.) 12; Allen v. Parish, 3 Ohio, 107; Smith v. Kerr, 1 Barb. 155; Bradford v. Pearson, 12 Mo. 71. The erroneous admission of evidence which does not affect the result, or which refers to facts established by other testimony, is not ground for new trial. In re Yetter's Estate, 55 Minn. 452, 57 N. W. 147; Jones v. Snow, 56 Minn. 214, 57 N. W. 478; Steiner's Exec. v. Eppinger, 23 U. S. App. 344, 9 C. C. A. 483, and 61 Fed. 253; Holmes v. Goldsmith, 147 U. S. 150, 13 Sup. Ct. 288.

A *patient's* description of his symptoms, sufferings and injuries, made to his attending physician for the purpose of receiving treatment, are competent. Brusch v. City R. Co., 52 Minn. 512, 55 N. W. 57; Johnson v. Northern Pac. R. Co., 47 Minn. 430, 50 N. W. 473; Cooper v. City R. Co., 54 Minn. 383, 56 N. W. 42. The repetition by the physician as a witness of symptoms stated to him by the patient is competent and not hearsay. Barber v. Merriam, 11 Allen, 324; Aveson v. Kinnaird, 6 East, 188; Rogers v. Crain, 30 Tex. 284; Quaife v. Chicago & N. W. R. Co., 48 Wis. 513, 4 N. W. 658; Hagenlocher v. Coney Isl. & B. R. Co., 99 N. Y. 137, 1 N. E.

536; Chicago, St. L. & P. R. Co. v. Spilker, 134 Ind. 380, 33 N. E. 280; Atchison & C. R. v. Frazier, 27 Kan. 463; Louisville, N. A. & C. R. Co. v. Falvey, 23 Amer. & Eng. R. Cas. 522, 3 N. E. 389; Merkle v. Bennington Tp., 58 Mich. 157, 24 N. W. 776; Mulliken v. City of Corunna (Mich.) 68 N. W. 141.

*Munn, Boyesen & Thygeson*, for respondent.

The testimony of Dr. McCord as to Weber's statement of how he was injured was clearly incompetent. The declarations of the party to his physician must relate to the present and not to the past. Rogers, Exp. Test. § 47; Fort Worth & D. C. R. Co. v. Stone (Tex. Civ. App.) 25 S. W. 808; Chapin v. Inhabitants, 9 Gray, 244; Roosa v. Boston L. Co., 132 Mass. 439; Emerson v. Lowell G. L. Co., 6 Allen, 146; Bacon v. Inhabitants, 7 Cush. 581; Illinois C. R. Co. v. Sutton, 42 Ill. 438; Dundas v. City of Lansing, 75 Mich. 499, 42 N. W. 1011; Merkle v. Bennington Tp., supra; Atchison, T. & S. F. R. Co. v. Frazier, 27 Kan. 463; Texas & N. O. R. Co. v. Crowder, 70 Tex. 222, 7 S. W. 709; Fordyce v. McCants, 51 Ark. 509, 11 S. W. 694; Taylor v. Grand Trunk R. Co., 48 N. H. 304; Fitzgerald v. Town of Weston, 52 Wis. 354, 9 N. W. 13; Boston & A. R. Co. v. O'Reilly, 158 U. S. 334, 336, 15 Sup. Ct. 830; Firkins v. Chicago G. W. R. Co., 61 Minn. 31, 63 N. W. 172; Eastman v. Boston & M. R. Co., 165 Mass. 342, 43 N. E. 115.

Appellant's counsel practically concede our contention, but they maintain it did not constitute prejudicial error. If error is committed by the trial court the presumption is that it was prejudicial, and the party against whom such error is committed is entitled to a new trial, unless it conclusively appears that he was not prejudiced thereby. Brown v. Cranberry I. & C. Co., 18 C. C. A. 444, 72 Fed. 96; Deery v. Cray, 5 Wall. 795; Boston & A. R. Co. v. O'Reilly, supra; Vicksburg & M. R. Co. v. O'Brien, 119 U. S. 99, 7 Sup. Ct. 118; Fort Worth & D. C. R. Co. v. Stone, supra.

BUCK, J. The plaintiff's testator, John E. Weber, was a passenger upon a street car of the defendant company operated upon West Seventh street in the city of St. Paul, and while he was such passenger, on November 1, 1893, a collision took place on that line between two of the street cars of the defendant company; and it

is claimed that in such collision, and by reason thereof, he received severe personal injuries, and this action was brought to recover damages for the same. The action was commenced by Weber and tried in the month of February, 1895, and the jury returned a verdict in his favor for the sum of $9,250. Weber, for some cause, was physically unable to be present at the trial, and by reason of his mental and physical condition his deposition could not be taken and used on the trial. Motion for a new trial was made by the defendant, but, before its hearing, Weber died, and John B. Weber was substituted as plaintiff herein. Subsequently, the court below granted a new trial, and plaintiff appeals.

The only question which we deem it necessary to consider arises upon the admission of certain evidence against the objections of the defendant. The plaintiff called as a witness in his behalf Dr. McCord, who testified that he saw him (John E. Weber) on November 4 or 5, 1893, and talked with him about his condition and injuries; and from the record we quote so much as embraces the objectionable testimony given by Dr. McCord:

"Q. What took place between you and the plaintiff at that time, touching his treatment? A. Well, he called me in the front room, and told me that he would like to try and find out what was the trouble with him. He complained of a great deal of pain in the back— Q. What part of the back? A. In the small of the back,—a great deal of pain in the back; and he complained of a very severe headache, and he said he felt nervous and weak. Q. What did he say as to any injuries he had received? A. I asked him about his accident at that time. He said he was sitting in the car, towards the back end of it, and that— Mr. Munn: In order to preserve our record, we object to this as incompetent, immaterial, inadmissible, and hearsay testimony. The Court: Well, are his declarations as to how he was injured admissible? Mr. O'Brien: I think it is competent when made to a physician—his statement of how he was injured —with reference to the treatment. It is one of the subjective symptoms. It is always competent. (Overruled. Exception by defendant.) Q. Go on, Doctor. A. He told me that he was sitting in the back part of the car, and didn't see this other car that came in collision with this one until it was almost onto them, and that he arose, and grabbed hold of a window, or the side of a window, and just at that time the car struck and wrenched him around, and threw him partly on the floor and partly on the opposite seat of the car. Q. Did he state what part of his body had come in contact with any part of the car? (Same objection, ruling, and exception.) A. No; I don't know that he did."

In view of the complications which may arise upon a new trial by reason of the death of plaintiff's testator, we have made a careful investigation of the facts and the law, and, in our opinion, the order granting a new trial must be sustained. That Weber was a passenger upon defendant's car at the time of the collision is conclusively established; that the collision was one of great violence is equally well established; and that soon after the injury he appeared to suffer from some physical infirmity, and eventually died, after much suffering, admits of but little, if any, controversy. But the main issue related to the cause of the injury, or his physical sickness, suffering, and ultimately to the cause of his death. The complaint states the cause of action to be

"That the said plaintiff was thrown forcibly against the car on which he was a passenger as aforesaid, severely injuring his back, head, and spine and other portions of his body, so that he became and was thereby made sick, sore, lame, and disabled, and was shortly after compelled to take to his bed, to which he has been confined ever since, and became paralyzed and blind by reason of said injuries, and has been unable to move any portion of his body, and is otherwise disabled, and will never recover from said injuries."

This allegation of the complaint was denied by the answer.

Several physicians on the part of the plaintiff testified that Weber was suffering from traumatic neurosis or disease of the nerves caused by violence, and it therefore became an important factor in plaintiff's behalf to show that he suffered from violence in this collision. While there were some four or five other passengers upon this car at the time of the collision, one of whom, at least, was injured, and one was not, none of them were able to testify to any injury to Weber except one, who said that he saw Weber standing at the lower end of the car, seeming quite pale and sort of dazed, and another witness, who testified that he saw Weber outside of the car after the accident, having a little blood on his handkerchief, but did not know where it came from. It also appeared in evidence that Weber stated, the evening after the accident, that he thought that he had sprained his back.

Upon this state of the evidence Dr. McCord was permitted, against objection, to give in evidence the statements Weber made to him some four or five days after the accident. The vice in this evidence is found in the statement that Weber told him that the car struck

and wrenched him, and threw him partly on the floor and partly on the opposite seat of the car. If this statement was true, its probative force is quite apparent. Such evidence could not have reached the minds of the jury with any other than a harmful effect. This alleged fact was not testified to or contradicted by any witness. That plaintiff's counsel recognized its great cogency in behalf of his case is shown by his persistency in refusing to have it struck out, or even withdrawn from the consideration of the jury at the close of the evidence, notwithstanding the suggestions and doubt of the trial court as to its admissibility.

This evidence was clearly inadmissible. Firkins v. Chicago G. W. R. Co., 61 Minn. 31, 63 N. W. 172. The rule is well settled that it is competent for a physician to testify as to the present physical condition of his patient, and what he said as to such condition, particularly as to ills, pains, and symptoms arising from an accident or sickness; but anything in the nature of past events, such as the cause of the injury or sickness, must be excluded, and is inadmissible in an action for the injury. Especially should this rule be applied where several days, or a long period, has elapsed, thus affording opportunity for simulated statements of the manner or cause of the injury or sickness by interested parties. We have considered all points raised and discussed by counsel, but do not deem a consideration of them necessary, further than appears in the foregoing opinion.

Order affirmed.