## KLINGAMAN v. FISH & HUNTER CO.

1. In an action for personal injuries, evidence of statements made by plaintiff after the injury, concerning the nature thereof and the resulting pain, and not constituting mere exclamations indicative of existing pain, is not competent.

2. In an action for injuries caused by falling over lumber in a street, evidence that a servant of defendant said, after the accident, that the lumber belonged to defendant, was not admissible, in the absence of any evidence that the servant had authority to bind the defendant by his declarations.

3. In an action for personal injuries, evidence as to the amount of the bills of plaintiff's physicians was inadmissible in the absence of evidence as to the value of their services or that the bills had been paid.

4. In an action for personal injuries plaintiff's attending physicians, who are familiar with plaintiff's condition and the nature of the injury, may testify as to how long the injury will affect plaintiff.

(Opinion filed February 21, 1905.)

Appeal from circuit court, Lawrence county; Hon. W. G. RICE, Judge.

Action by Charles C. Klingaman against the Fish & Hunter Company. From a judgment for plaintiff, defendant appeals. Reversed.

*Frawley & Frawley,* for appellant.

Witnesses are not permitted to testify to complaints or

statements of physical condition or feelings, made by an injured person which are made in answer to a question or narrative or discriptive in their nature, and which are not a part of the res gestæ.    Watson on Personal Injuries, Sec. 618, p. 732; Firkins v. Rld. Co., 63 N. W. 172; Bacon v. Charlton, 7 Cush. 581; Roche v. Brooklyn Rld. Co., 105 N. Y. 294; Keller v. Town of Gillman, 66 N. W. 800; Roosa v. Loan Co., 132 Mass. 439; Williams v. Rld. Co., 70 N. W. 860; Stewart v. Everts, 44 N. W. 1092.

The declarations of an agent to bind a principal must be made at the time he is doing an act he is authorized to do and must be concerning the act he is then doing.    Mechem on Agency, Sec. 714; La Rue v. St. Anthony Elevator Co., 3 S. D. 637, 54 N. W. 806; Bank v. Gilman, 3 S. D. 170, 52 N. W. 869; Bank v. North, 41 N. W. 736; Wendt v. Chicago Rld. Co., 4 S. D. 476, 57 N. W. 226; Gordon v. Vt. L. & T. Co., 71 N. W. 556; Purcell v. Chicago Ry. Co., 77 Am. St. 560; Goetz v. Bank, 119 U. S. 551, 7 Sup. Ct. R. 318; Rld. Co. v. O'Brien, 119 U. S. 99, 7 Sup. Ct. R. 118; Gale, etc., Co. v. Laughlin, 47 N.W. 638; Durkee v. Cen. Pac. Ry. Co., 69 Cal. 533; Randall v. Telegraph Co., 41 Am. Rep. 17; Ins. Co. v. Mahone, 21 Wall. 152; Bank v. Bank, 60 N. Y. 278; Baldwin v. Doubleday, 8 Atl. 576; Edmunds v. Curtiss, 9 Pac. 973; Estey v. Birnbaum, 9 S. D. 174, 68 N. W. 290; Tenney v. Rapid City, 17 S. D. 282, 96 N. W. 96; Jones on Evidence, Sec. 236; Dundas v. City of Lansing, 75 Mich. 499; Hazelton v. Union Bank, 32 Wis. 34; Packet Co. v. Clough, 20 Wall. 540.

Evidence of existing conditions on the street after the alleged injury was incompetent, for the reasons that collateral issues were injected into the case and the testimony should have

been restricted to conditions existing before and at the time of the alleged injury and not subsequent thereto. Am. & Eng. Enc. Law, 2nd Ed , Vol. 11, pp. 503-21-22; 1st Greenleaf on Evidence, Secs. 35, 448; Lewis v. Smith, 107 Mass. 334; Phillips v. Wullow, 73 Wis. 6; Colf v. Ry. Co., 58 N. W. 408.

*William H. Parker* and *Robert P. Stewart*, for respondent.

Where it becomes important to illustrate the physical or mental condition of an individual, either at the time an injury is received, or from thence to the time of an inquiry as to its severity, effect and nature, expressions or declarations of present existing pain or malady, whether made at the time the injury is received or subsequently to it, are admissible in evidence. Such declarations and expressions are competent regardless of the person to whom they were made. Bennett v. Northern Pacific R. R. Co., 49 N. W. 408; State v. Gedicke, 43 N. J. Law 86; Eckles v. Bates, 26 Ala. 655; Yeatman v. Hart, 6 Humph. 374; Hagenlocher v. Railroad Co., 99 N. Y. 136; Railroad Co. v. Newell, 104 Ind. 264, 3 N. E. 836; Sanders v. Reister, 1 Dak. 151.

Evidence of declarations and admissions made by agents of corporations is competent against the corporation, when the same were made by the agent in response to timely inquiries, properly addressed to him and relating to matters under his charge. Abbott's Trial Evidence, p. 44; McGenness v. Adriatic Mills, 116 Mass. 177; Maleck v. Tower R. R. Co., 57 Mo. 17.

Whoever is responsible for the maintenance of the obstruction is liable for the injury occasioned thereby to pedestrians. Inhab. Stoughton v. Porter, 95 Mass. 191; Linsely v. Bushnell, 38 Am. Dec. 79; Osborne v. Ferry Co., 53 Barb. 641; Section 1297 Civ. Code, Revised Code of 1903.

CORSON, P. J.    This is an action by the plaintiff to recover from the defendant damages for personal injuries alleged to have been caused by certain lumber extending out onto the sidewalk in front of defendant's lumber yard, over which he fell, while passing along said sidewalk, between 5 and 6 o'clock on the evening of January 8, 1902.    Verdict and judgment were in favor of the plaintiff, and the defendant has appealed.

It is disclosed by the evidence that the defendant had a lumber yard in Deadwood, and that on the evening of the alleged injury the plaintiff, while passing along the sidewalk, when it was too dark for him to observe the obstruction, fell over it upon the sidewalk, and was injured.    The grounds upon which a reversal of the judgment is claimed are, among others:    (1) That the court erred in its refusal to strike out the evidence of a certain witness—Mrs. Politere—as to statements made to her by the plaintiff subsequently to the injury in regard to the same; (2) that the court erred in admitting evidence of the plaintiff as to statements made to him by one Graham, an employee of the defendant corporation in and about its lumber yard, made subsequently to the alleged injury, as to the ownership of the lumber that caused the injury; (3) that the court erred in admitting evidence of the expenses incurred by the plaintiff in consequence of the injury; (4) that the court erred in admitting the testimony of physicians as to the length of time the plaintiff was liable to be affected by the injury.

On the trial Mrs. Politere, a witness on the part of the plaintiff, testified, among other things, as follows:    "I remember that he said he fell and hurt himself; that he suffered pain in his limb and back.    He told me that it hurt in his hip, and also

in his knee; and that he could walk, but then it hurt every time he walked. He said he suffered so that he could not sleep nights, and that his leg pained him very bad. He complained of his leg a great deal." This evidence was seasonably objected to by counsel for defendant, but was admitted by the court, and exception taken. In addition to the objection to the evidence counsel for the defendant moved to strike out the portions of the evidence of the witness above stated. This motion was also denied, and exception taken. While it seems to be the general rule that when bodily pain is in issue, exclamations indicative of present existing pain are competent, yet the testimony moved to be stricken out could not, under the most liberal rules laid down by courts, be otherwise than erroneous, and prejudicial to the defendant. Witnesses are not permitted to testify to complaints or statements of physical condition or feeling made by an injured person which are made in answer to a question or interrogation descriptive or narrative in their nature, and which are not a part of the res gestæ. Roosa v. Loan Co., 132 Mass. 439; Roche. v. Brooklyn R. Co., 105 N. Y. 294, 11 N. E. 630; Bacon v. Charlton, 7 Cush. 581; Williams v. R. Co., 68 Minn. 55, 70 N. W. 860; Firkins v. R. Co., 61 Minn. 31, 63 N. W. 172; Keller v. Town of Gillman, 93 Wis. 9, 66 N. W. 800; Stewart v. Everts, 76 Wis. 35, 44 N. W. 1092, 20 Am. St. Rep. 17; Tenney v. Rapid City, 17 S. D. 282, 96 N. W. 96; Fallon v. Rapid City, 17 S. D. 570, 97 N. W. 1009. In the case of Firkins v. R. Co., supra, the learned Supreme Court of Minnesota says: "But there is a limitation to the rule, which must be strictly observed. Such evidence must not be extended beyond the necessity upon which it is founded. It must be confined strictly to such complaints, expressions,

and exclamations as furnish evidence of a present, existing pain or malady [citing Bacon v. Inhabitants of Charlton, 7 Cush. 586]. Tested by this rule, the evidence now in question was improperly admitted. The plaintiff was asked: 'What is the matter? How badly are you hurt?' and his answer, taken in connection with the question, as it must be, was that he was pretty badly hurt. This was not an expression, or an exclamation, or a complaint indicating present pain or suffering, coming involuntarily from one in distress. It was not a verbal act which indicated the bodily or mental feeling of the plaintiff but was his opinion as to how badly he had been injured at a time quite remote from the accident itself. If such evidence could be permitted to go to the jury, nothing would stand in the way of the introduction of similar questions or answers up to the time of the trial." In the case of Bacon v. Charlton, supra, the Supreme Court of Massachusetts says: "The next objection raised by the exceptions relates to the admission in evidence of expressions and complaints of pain by the plaintiff after the accident. This rule of law is now well settled, and it forms an exception to the general rules of evidence that, where the bodily or mental feelings of a party are to be proved the usual and natural expressions of such feelings, made at the time, are considered competent and original evidence in his favor. And the rule is founded upon the consideration that such expressions are the natural and necessary language of emotion, of the existence of which, from the very nature of the case, there can be no other evidence. There are ills and pains of the body which are proper subjects of proof in courts of justice, which can be shown in no other way. Such evidence, however, is not to be extended beyond the necessity on which the

rule is founded. Anything in the nature of narration or statement is to be carefully excluded, and the testimony is to be confined strictly to such complaints, exclamations, and expressions as usually and naturally accompany, and furnish evidence of, a present existing pain or malady." In the case of Roche v. Brooklyn R. R. Co., supra, the Court of Appeals of New York says: "But we are quite clear that the bald statement, made long after the injury, by the party, that he suffers from pain, ought not to be admitted as in any degree corroborative of his testimony as to the extent of his pain. For these reasons the evidence of McElroy as to plaintiff's declarations of existing pain when they were walking in the street together, long after the accident, should not have been received. It was error, also, to permit the same witness to prove declarations of the plaintiff that her arm pained her very much, even though at the same time she showed her arm, and that it was swolen and red. The appearance of the arm he could describe, but her declarations that it pained her very badly is mere hearsay, and should not have been permitted. The judgment of the General Term and Circuit should be reversed, and a new trial granted, costs to abide event." In Kellar v. Gillman, supra, the supreme Court of Wisconsin, in speaking of this class of evidence, says: "There are two statements made by the mother which should have been excluded 'under the fourth rule. They were to the effect that the injured woman said that when she laid down she was dizzy; that she complained of her lungs hurting her, and her back also. The admission of this evidence was error, as it seems to have been narrative in form, rather than exclamations caused by present pain." The rule admitting evidence as to complaints or excla-

19 S. D.—10

mations of pain or suffering is clearly an exception to the gen‑
eral rule that self-serving declarations of a party are inad‑
missible, but such evidence seems to be admissible under the
great weight of authority; but, as stated by the learned court
from which we have quoted, the rule should not be extended
so at to include a narration or statement as to the condition or
extent of the injury, and not in their nature exclamatory or
expressive of present suffering. It is clear, therefore, that the
learned court erred in refusing to strike out this class of evi‑
dence on the motion of defendant's counsel, for which a new
trial must be granted.

But as the other questions presented may necessarily arise
upon another trial, we deem it proper to express our views up‑
on these questions at this time. The second ground for re‑
versal is based upon the evidence as to statements made by‑
Graham, the employee of the defendant, to the plaintiff, and‑ is
as follows: "I had a conversation with Graham about this
lumber. Q. You may state what it was. (Counsel for defend‑
ant objected to this question as incompetent, there being no
proof that Graham had any authority, or that anything he said
or did at that time was in the course of his employment, or
binding upon the defendant.) A. Why, I opened the door, and
I spoke to him—mentioned his name—and asked him if he was
busy, and he says, 'No.' 'Well,' I says, 'Come out here. I want
to show you something,' or words to that effect; and he came
out and I says to him, 'Whose lumber is that piled there?' He
says, 'That is ours.'" The precise nature of the duties of Gra‑
ham are not made clear by the evidence, but there was no evi‑
dence showing that he had authority to bind defendant by his
declarations in any manner in respect to the injury alleged to

have been sustained by the plaintiff as to the ownership of the lumber. It may be regarded as settled that admissions made by an agent affecting the liability of his principal, made after the alleged injury, are inadmissible in evidence. Such agent is not authorized, ordinarily, to bind defendant by any admissions or declarations made by him not constituting a part of the res gestæ. Mechem on Agency, § 714; La Rue v. St. Anthony Elevator Co., 3 S. D. 637, 54 N. W. 806; Bank v. Gilman, 3 S. D. 170, 52 N. W. 869; Bank v. North, 6 Dak. 136, 41 N. W. 736, 50 N. W. 621; Wendt v. Chicago R. Co., 4 S. D. 476, 57 N. W. 226; Purcell v. Chicago & Northwestern R. R. Co., 109 Iowa 629, 80 N. W. 682. It is quite clear that, in the absence of evidence showing that Graham was authorized to bind the defendant by his statements, such statements, made subsequent to the injury, as to the ownership of the lumber, were clearly inadmissible, and should have been excluded by the court. It appears from the record in this case that Graham himself was a witness on the trial of the case, and as such witness it was competent for him to testify to any fact within his knowledge as to the ownership of the lumber which caused the injury, and as to the character of the injury, within his knowledge, sustained by the plaintiff. Such evidence would have been given under the sanction of an oath, and with the benefit of cross-examination. We are clearly of the opinion, therefore, that the evidence should have been excluded, and the court erred in admitting the same.

It is further contended by the appellant that the court erred in admitting the evidence offered on the part of the plaintiff as to the expenses he had incurred by reason of the injury, on the ground that there was no evidence as to the value of the

medical services rendered the plaintiff. The evidence of the plaintiff was substantially that he could not say positively as to the amount of the expenses, but that Dr. Howe's bill was $125, Dr. Diven's $10, Dr. Moffitt's $50. This evidence was objected to on the ground that the evidence was incompetent, for the reason that there was no proof that the physicians had been paid, or as to the value of the services. The court overruled the objection and exception was taken. We are of the opinion that the court erred in admitting the evidence without proof as to the value of the services rendered, or that the physicians had been paid the sum specified. Gumb v. Twenty-Third Street R. Co., 114 N. Y. 411, 21 N. E. 993. In that case the Court of Appeals of New York says: , "The plaintiff, under a like objection, was permitted to show how much this physician charged him, without giving evidence of payment, or any evidence of the value of the services, except the incidental remark of the physician, who testified: 'Seventy-five dollars is the amount of my bill now. That is very small, too.' The judgment should be reversed, and a new trial granted, with costs to abide the event."

It is further contended by the appellant that the court erred in permitting the physicians to testify as to the length of time the plaintiff's injury would continue to affect him. Dr. Howe, on being examined, was asked the following question: "What, in your judgment, from the treatment you have given the plaintiff, the condition you found him in, and the condition that he is in at the present time, what, in your judgment, or how long, in your judgment, will that condition exist or continue?" Objected to by counsel for defendant as incompetent. Objection overruled, exception taken. In answer he said: "In my

opinion, it will continue for a considerable length of time; * * * probably not less than two years, possibly a great deal more than that. I don't think that it can be permanent, although it is possible, but not probable.'' Dr. Moffit was asked substantially the same question, and gave practically the same answer. We are of the opinion that this evidence was properly admitted. Physicians are permitted to express their opinions as to the permanent or temporary character of the injury and the probability or reasonable certainty of recovery. 12 Am. & Eng. Ency. Law, (2d Ed.), p. 450. See, also, cases there cited. It would seem to logically follow that, if a medical witness is permitted to state as to whether or not an injury is permanent or temporary, if he states that it is temporary, he may be permitted to give his opinion as to the length of time the injury would be likely to manifest itself in the condition of the person injured. And this seems to be the view of the Court of Appeals of the State of New York in Buel v. N. Y. C. R. R. Co., 31 N. Y. 314, in which that court, speaking upon this subject, says: ''The plaintiff was entitled to be compensated for the pain and suffering and disability resulting from the injury. In estimating the damages the length of time an exishing injury will continue must necessarily be considered, and there is no way of arriving at a conclusion on the subject except by obtaining the facts and the opinions of medical men. The question is peculiarly one of medical skill and experience.'' Filer v. N. Y. C. R. R. Co., 49 N. Y. 42; Peterson v. Chicago, etc., R. R. Co., 38 Minn. 511, 39 N. W. 485. The law as laid down by the Court of Appeals in the case from which we have quoted meets with our approval.

The contention of the defendant that the plaintiff's condi-

tion had not been shown or brought to the attention of the physicians is untenable, as both physicians who testified upon the subject had personally examined the plaintiff, and had attended him in their capacity as physicians, while he was suffering from the injury. The rule contended for by the appellant applies only to expert witnesses who testify upon hypothetical cases, and have no actual knowledge of the condition of the injured party.

The judgment of the circuit court and order denying a new trial are reversed.