MADER (ANNA), Plaintiff and Respondent, vs. BOEHM and another, Defendants and Appellants, and MADER and another, Interpleaded Defendants and Respondents.

*October 11—November 7, 1933.*

For the appellants there was a brief by *Benton, Bosser & Tuttrup*, attorneys, and *A. W. Parnell* of counsel, all of Appleton, and oral argument by *Roger R. Tuttrup*.

For the respondent Anna Mader there was a brief by *Winter & Winter* of Shawano, and oral argument by *P. J. Winter*.

For the interpleaded respondents Joseph E. Mader and Hardware Mutual Casualty Company there was a brief by *North, Parker, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *F. N. Trowbridge*.

OWEN, J. This action grows out of an automobile collision which occurred on May 22, 1932, at the junction of county trunk highway A, in Shawano county, and a road known as town-line highway in the town of Bartleme in said county. The plaintiff, Anna Mader, was riding in the car driven by her husband, Joseph E. Mader, and she brings this action to recover damages for physical injuries which she sustained as the result of the collision.

The Mader automobile was proceeding west on county trunk highway A. The Boehm automobile was proceeding south on the town-line highway and at the intersection turned east on county trunk A. The collision occurred between the two automobiles about thirty feet east of the intersection, on the north, or Mader's right-hand side and Boehm's left-hand side, of the highway.

The jury found that the defendant Boehm, just prior to the collision, failed to exercise ordinary care in the operation of his automobile, which want of ordinary care constituted the proximate cause of the accident and plaintiff's injuries. Appellants contend that this finding of the jury was not only influenced by the admission of improper testimony and erroneous instructions, but that it is not supported by the evidence.

It seems plain that Boehm was guilty of a want of ordinary care as a matter of law. He was proceeding south on the town-line highway with the intention of turning east on county trunk A. The collision occurred on the extreme north side of county trunk A where, at the time, Boehm had no legal right to be. There is a dispute in the evidence as to how he happened to be there. According to his own testimony, he proceeded just left of the center of the intersection to make the left turn, at which point for the first time he saw Mader's car coming from the east. He thought he would not have time to get over on his right-hand side of county trunk A and, deliberately, turned to the left, thinking that Mader would also turn to the left and pass by him on his, Boehm's, right-hand side. According to the plaintiff's testimony, he did not go anywhere near the center of the intersection, but cut the corner so close that at no time was his left wheel more than two feet from his, Boehm's, left-hand side of county trunk A. It makes no difference which of these versions is correct. If he cut the corner he violated the law. If he proceeded to the center of the intersection, as he says he did, then he violated the law in deliberately turning to the left in front of the oncoming Mader car. He gives as a reason for doing this that he thought he would be unable to get to the right-hand side of county trunk A in time to avoid a collision with the oncoming Mader car. However, a consideration of the distances demonstrates the futility of this contention. He was nearly in the center of county trunk A when, according to his testimony, illuminated by a tracing which he drew on a plat of the intersection, he made the turn to the left in front of the Mader car, after which he drove at least thirty feet towards the Mader car before the collision. Being approximately in the center of county trunk A before he turned left, it is perfectly apparent that he could have reached his right-hand side of county trunk A more quickly than he could have reached the point where the collision occurred.

It is claimed for Boehm that he was confronted with an emergency, which emergency consisted in the high rate of speed at which Mader was approaching the intersection, and which was not discovered by Boehm until he had nearly reached the center of the intersection. This contention is not very compelling, in view of all the evidence in the case, but, even though the situation did give rise to an emergency, the law on the subject was correctly stated to the jury, in spite of which they found Boehm guilty of negligence. We see no ground whatever for exonerating Boehm from the finding that he was guilty of a want of ordinary care in the manner in which he operated his automobile just prior to the collision. So far as Anna Mader's judgment against him and his insurance carrier is concerned, it must be affirmed, unless error occurred in the admission of the evidence of her attending physician concerning the cause of the injuries which he found immediately after the accident.

The physician testified that upon his examination of Anna Mader he discovered a traumatic cystocele. He admitted that his diagnosis was based in part upon what she told him with reference to her experiences in and during the accident. It is strenuously urged that he had no right to testify concerning a diagnosis based upon these unsworn statements. However, she testified on the stand fully to the facts which she stated to her physician, and although his original diagnosis might have been based in part upon unsworn statements, the opinion to which he testified upon the stand was not. That opinion was based not only upon unsworn statements made to him, but upon evidence which she gave during the trial. We think the evidence was properly admitted. From this it follows that the judgment in favor of Anna Mader cannot be disturbed.

However, we have left the cross-complaint of the defendants Boehm and the Wisconsin Automobile Insurance Company against Joseph E. Mader for contribution. The jury found that Mader was not guilty of any want of ordinary

care as he approached this intersection. This was an obscure intersection. An elevation of ground covered with brush and shrubs obscured the view so that one going west on county trunk A could do no more than get occasional glimpses of traffic coming south on the town-line highway. Sec. 85.40 (4), Stats., provides:

"In traversing intersections where the operator does not have a clear view of approaching traffic on the intersecting highway or highways, the speed of such vehicle shall not be greater than that which will permit the operator to stop within one-half of the distance within which he is able to see approaching traffic."

Clearly this was such an intersection. Mader, therefore, should have approached it with caution. He should have approached it at such a rate of speed as would have enabled him to stop within one-half of the distance within which he could see approaching traffic. It is clear that he approached the intersection at a much higher rate of speed. Although he testifies that he saw Boehm coming south on the town-line highway when they were both a considerable distance from the intersection, he does not testify that he saw him at any point between that time and the collision. This should have warned him, in the absence of the law, that he should approach the intersection with caution. While at the time he says he saw Boehm he could have stopped within half of the distance to the intersection, nevertheless, as both cars approached the intersection, the speed of each car should have been so reduced as to have enabled them to stop within half the distance they could see approaching traffic. This means that as they approached the crossing the speed of each car should have been correspondingly reduced.

It is perfectly plain that Mader did not approach this crossing at a lawful speed. According to his own testimony, he was fifty feet from the place of the accident when he

first discovered Boehm. He was not only unable to stop his car within that distance, but he was going at such a rate of speed that a glancing blow from his Buick automobile shoved Boehm's five thousand pound Cadillac car backwards as the result of a mere glancing blow. He ran into the ditch, ran at least a car length after the collision, and brought his car to a stop only after it surmounted a log in the ditch. This was plainly a violation of the statute above cited, and the finding of the jury that Mader was in the exercise of ordinary care in the operation of his car as he approached the intersection is against the clear evidence and the law. The court should have answered this question Yes. However, the jury having answered it No, they did not answer the further question as to whether such want of ordinary care was a proximate cause of the collision. While we hold that Mader failed to exercise ordinary care as a matter of law, we are disposed to treat the further question, as to whether such want of ordinary care was a proximate cause of the collision, as a jury question. The judgment must therefore be reversed so far as it disposes of the issues raised upon the cross-complaint for contribution. But, as held in *Scharine v. Huebsch,* 203 Wis. 261, 234 N. W. 358, this does not require a reversal of that portion of the judgment in favor of Anna Mader. Her judgment stands against Boehm and the Wisconsin Automobile Insurance Company.

*By the Court.*—That portion of the judgment rendered in favor of Joseph Mader and the Hardware Mutual Casualty Company upon the cross-complaint of Wisconsin Automobile Insurance Company and Joe Boehm is reversed, and cause remanded for a new trial upon such issue. That portion of the judgment in favor of Anna Mader against the Wisconsin Automobile Insurance Company and Joe Boehm is affirmed.