SCHIELDS, Appellant, vs. FREDRICK, Respondent.

*October 11—November 7, 1939.*

596

For the appellant there was a brief by *C. M. Hanratty* and *Hannan, Johnson & Goldschmidt,* attorneys, and *Martin R. Paulsen* of counsel, and oral argument by *Mr. Paulsen* and *Mr. Herbert L. Wible,* all of Milwaukee.

For the respondent there was a brief by *Scott Lowry* and *Jacobson, Malone & Hippenmeyer,* all of Waukesha, and oral argument by *Richard S. Hippenmeyer* and *D. B. Malone.*

FAIRCHILD, J.   The collision between the two cars occurred while defendant's car was standing with its left wheels occupying about four feet of the concrete leaving to the left of the car upward of thirty-five feet of the traveled portion of the highway.   The right wheels of the car rested upon the shoulder of the road.   Defendant's wife was sitting in the car when the collision took place and she was injured. The jury was of the opinion that the defendant's stopping and the position of the car were not in violation of any law of the road, and that under the circumstances he was not guilty of any negligence.   The testimony is that as defendant was proceeding along the highway he noticed indications of a flat tire on his rear wheel, and at a point where the accident occurred he drew off to the side of the road and his engine stalled.   He testified that he was unable to start the' engine, and that because it was late at night he decided to go to his home about a mile distant to secure the aid of a hired man and a truck to move the car.   The accident occurred a few minutes after defendant's car stopped.

It is considered that the issues framed by the pleadings and the questions of ultimate fact raised under the evidence

were for the jury. The answers to the questions in the special verdict put at rest all controversy in this case as to whose negligence caused the collision.

On the question of amount of damages the trial court permitted a physician, who had been engaged to examine the defendant's wife on the day before the trial for the purpose of testifying as to her injuries, to testify to a history of the injuries and recite subjective symptoms as narrated to him by defendant's wife. Objection properly made was overruled and the witness testified to aches, pains, and conditions described to him in an interview in his office, and gave as his opinion that the injury complained of and the discomfort described were the result of an accident on July 8, 1938; that from the history of the case, and from his examination of defendant's wife, his conclusion was "I would think that it was the result of the accident."

Ordinarily, the opinion of a physician based upon subjective symptoms related to him by the injured person during the course of an examination by him for the purpose of testifying rather than for the purpose of treatment is not admissible in evidence. *Kath v. Wisconsin Central R. Co.* 121 Wis. 503, 99 N. W. 217; 1 Wigmore, Evidence, p. 2250, § 1747; 20 Am. Jur. p. 530, § 625; 2 Jones, Evidence, p. 2233, § 1217; *Maine v. Maryland C. Co.* 172 Wis. 350, 178 N. W. 749; *Stewart v. Everts,* 76 Wis. 35, 44 N. W. 1092; and cases cited in note 21 L. R. A. (N. S.) 826. Respondent concedes this to be the rule, but seeks to avoid the effect of the admission of the hearsay testimony in this case on the plea that the person whose injury was being inquired into testified to the facts stated by the physician on which he based his opinion as to the nature and extent of her injuries and that therefore the error was nonprejudicial. But we do not find the testimony supporting that contention in the record. It consists practically of a statement that her health was good before the accident, and that she had a con-

cussion and was bruised, while the testimony of the doctor covers a considerable territory of past and present sufferings. Her testimony is not specific and is far too limited to be capable of offsetting the effect of the violation of the hearsay rule. It cannot be gainsaid that the proper practice of establishing a premise for a conclusion to be drawn by an expert witness was not followed here; and the transgression resulted in the admission of hearsay testimony unaccompanied by any circumstance having the effect of reducing the error to a nonprejudicial one, as was held in the case of *Mader v. Boehm,* 213 Wis. 55, 250 N. W. 854, relied upon by respondent. Neither that case nor similar cases which may be found overlook the rule we are now concerned with nor do they fairly create an exception to it. They go on the theory that the complaining party's right had not been substantially prejudiced.

It is unnecessary to review the objections and rulings further than to say that the ignoring of a rule long since established resulted in this case in erroneously admitting evidence which was of such a character as not only to be capable of influencing the decision of the jury but which undoubtedly did have that effect. *Stewart v. Everts, supra.*

This results in the affirmance of that portion of the judgment which fixes the liability for the damages upon the plaintiff, but it is considered necessary to have a new trial on the question of damages suffered by the defendant by reason of the loss of services of his wife.

*By the Court.*—Judgment reversed, and cause remanded with directions to order a new trial solely of the issue of damages to defendant resulting from loss of services of wife.