JAMES H. McCAUSLAND

*v.*

HENRY WONDERLY.

1. REMITTITUR — *of the form of entry thereof.* A plaintiff who had recovered a verdict, expressing a readiness to enter a remittitur as to part, to meet the views of the court, a judgment was entered for $1,250, the full

amount of the verdict, less $600, to be remitted, etc.   This was held to be informal, and the judgment was reversed in order that the plaintiff might properly enter a remittitur and then take his judgment in proper form.

2.   Evidence—*proof of one's own statements*—*res gestœ.*   In an action for malicious prosecution, for the alleged unlawful arrest of the plaintiff upon a charge of larceny, it appeared the prosecution was dismissed by the justice, and it was held incompetent for the defendant to prove what he, himself, stated at the time the prisoner was discharged, as the reason of his failure in the prosecution.   A party can not make evidence for himself in this way and claim its admissibility as *res gestœ.*

3.   New trial — *remittitur.*   A court can not compel a party to remit a part of his verdict ; but if a plaintiff prefers to remit a part of a verdict he has recovered, in order to meet the view of the court and to avoid a new trial upon the ground of excessive damages, he can not assign that for error.

Appeal from the Circuit Court of Cook county ; the Hon. Erastus S. Williams, Judge, presiding.

On the 18th day of November, 1868, McCausland caused a warrant to be issued by a justice of the peace, and Wonderly to be arrested thereon, on a charge of larceny.   On the first of December following, Wonderly, on being brought before the justice, was discharged from custody, no witnesses appearing against him ; whereupon, Wonderly brought this action for malicious prosecution.   On the trial the defendant offered in evidence statements made by himself at the time the prisoner was discharged, as to the reason of his failure in the prosecution, which were rejected by the court, and the defendant excepted.

A verdict was returned in favor of the plaintiff for $1,250, and thereupon the defendant moved for a new trial, which the court stated would be granted, unless the plaintiff would remit $600 of his verdict.   This the latter consented to do, and the judgment was entered as follows, that upon " plaintiff's remitting the amount aforesaid, it is ordered and considered by the court that said Henry Wonderly, plaintiff, recover of said defendant, James H. McCausland, $1,250, his damages aforesaid, by the jury assessed, less the sum of $600 to be remitted as aforesaid, together with his costs," etc.

The defendant appealed.

Mr. JOHN LYLE KING, for the appellant.

Messrs. STORY & KING, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action for malicious prosecution, in which the jury found a verdict for the plaintiff for $1,250. On a motion for a new trial, the court held the verdict too large, and the plaintiff expressed his readiness to enter a remittitur of $600, which would obviate the objections of the court, but the remittitur was not in fact entered. Judgment was however rendered for $1,250, less $600, to be remitted, etc. This judgment was informal, and must be reversed, with leave to the plaintiff to properly enter a remittitur and then take his judgment in the proper form.

The other errors are not well assigned. The instructions only lay down familiar principles of law and can not have misled the jury. The evidence as to what the defendant said at the time the prosecution of the plaintiff was dismissed by the justice was very properly excluded. A party can not be permitted to make evidence for himself in this way and claim its admissibility as *res gestæ*. The naked fact to be proven in that part of the case was that the plaintiff, who had been arrested, was discharged by the justice. The law thereupon raises the presumption that he was discharged for want of proof of guilt, but why his prosecutor had failed to make the proof was certainly not a fact to be proven by the declarations of the prosecutor himself.

A cross error is assigned, that the court should not have compelled the plaintiff to remit a part of the damages. That is not the proper mode of stating the action of the court. The court can not compel the plaintiff to remit, but when there is a motion

for a new trial on the ground of excessive damages, and the court states its intention to grant it on that ground alone, the plaintiff has the election either to take the verdict of another jury, or to remit so much of his verdict already gained as will obviate the objections of the court. If he chooses to take the latter alternative, he can not complain here. The granting of a new trial can not be assigned for error, and it necessarily follows, if a plaintiff prefers to give up part of his verdict to avoid a new trial, he can not assign that for error. The judgment is reversed and the cause remanded.

*Judgment reversed.*