HOWARD *v.* THE SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY.

1. A report made to a railroad company by one of its servants of the facts and circumstances of an injury received by him in its employment, is not admissible in his favor in a suit by him against the company for damages, and calls for no response by the company.
2. Letters written by the plaintiff to the company making claim for damages on account of his injuries, which claim was rejected by the company, were wholly irrelevant and inadmissible.
3. A statement made after the injury occurred by a servant of the company superior to the plaintiff, that it was plaintiff's duty to examine the cars in the manner in which he did so, was hearsay and inadmissible.
4. The belief or understanding of the plaintiff in regard to the protection from injury he would receive, in accepting employment as defendant's car-inspector and performing the duties of that position, was not for the consideration of the jury.
5. Whether or not, after the injury was received, the defendant made any charge of negligence against the plaintiff, was wholly immaterial.

March 21, 1890.

New trial. Damages. Evidence. Admissions. Negligence.  Before Judge FALLIGANT.  Chatham superior court.  June term, 1889.

Howard was in the employment of the defendant as car-inspector, and his hand was crushed while examining and feeling the wheel of a coach.  He sued for damages, and a verdict in his favor was rendered.  He excepted to the grant of a new trial.  For the other facts see the decision.

R. R. RICHARDS, for plaintiff.
CHISHOLM & ERWIN, for defendant.

BLANDFORD, Justice.

A motion for a new trial was made by the defendant in error, which was granted by the court, the same being the first grant of a new trial in this case.

1. One of the grounds alleged in the motion for a new trial is, that the court committed error in admitting in evidence a report made by the plaintiff to the defendant as to how his injuries were received. We think the court committed error in admitting this testimony. It was doubtless admitted upon the supposition that the report called for some denial on the part of the company to the plaintiff as to the truth of the same. Or it must have been admitted upon the supposition that, as the company had made no denial thereof, it was therefore an admission of the truth of the same. We do not see upon what principle this report could have been properly admitted in evidence against the defendant. It does not appear to us, where a rule of the company requires a report to be made by some of its servants whenever an accident or injury occurs, that the same calls for any response by the company; so we are of the opinion that the admission of this evidence was erroneous.

2. It is further complained, in the motion for a new trial, that the court erred in admitting in evidence certain letters written by the plaintiff to the company. It appears, from reading these letters and the answers thereto, that the plaintiff was making a claim upon the company for damages on account of the injuries he had received, which claim was rejected by the company. This evidence offered was wholly irrelevant and inadmissible, though we do not see what harm it could have done, one way or the other.

3. It is further alleged as error, in the motion for a new trial, that the court admitted in evidence the statement, made after the accident happened and the injury

was sustained, by a servant of. the company who was superior to the plaintiff, to the effect that it was the plaintiff's duty to examine the cars in the manner in which he did examine them.   We think this testimony was inadmissible.   It was but hearsay; the witnesses were accessible, and could have been produced on the trial of the case; and besides, they could not bind the company by anything they might say which was not a part of the *res gestæ*.

4. It is further alleged, as a ground in the motion for a new trial, that the court erred in allowing the following question to be asked the plaintiff, over the objection made to the same by defendant's counsel: "In accepting this employment as car-inspector, and performing this duty of feeling wheels under the direction of Mr. Smith, foreman, what was your belief or understanding in regard to the protection which you would receive from injury while feeling the wheels?"   This question and the answer thereto, we think, were inadmissible.   What the plaintiff's belief or understanding might have been was not for the consideration of the jury.   What the fact was, the jury were to consider.   So we think the court should have ruled this testimony out.

5. It is further alleged as error, in defendant's motion for a new trial, that Howard was allowed to testify that the company had made no charge of negligence against him from the time he made his report to it as to how the accident happened.   We do not think this testimony was admissible.   Whether the company made any charge of negligence against the plaintiff or not, after the injury was sustained by the plaintiff, was wholly immaterial.   We know of no law which required them to make any such charge, if the plaintiff had been negligent in the performance of his work.

We think the trial judge was authorized, under these assignments of error, to grant a new trial; and the judgment is                                    *Affirmed.*