## FALLON v. RAPID CITY.

1. In an action against a city for injuries to plaintiff's ankle caused by an alleged defective sidewalk, in which the complaint did not allege permanent injury but plaintiff had testified without objection to facts showing her injuries to be permanent and that her foot was amputated on a certain date, it was not thereafter prejudicial error to overrule an objection to a question to plaintiff's physician as to whether it became

necessary, by reason of the tuberculous condition of the joint, to remove the foot.

2. In an action for personal injuries in which the complaint did not allege permanent injury, failure to object to testimony showing the injuries to be permanent rendered the admission of mortality tables proper.

3. In an action for injuries from a defective sidewalk, evidence that plaintiff had told her mother, on returning home after the injury, that she had hurt her foot by stepping in a hole in a sidewalk, and six months later had again complained to her mother of the injury, and stated to a physician that she had injured her foot in a defective sidewalk, was hearsay, not admissible as res gestæ.

4. Where there is no statute requiring presentation to a city of a claim for damages for personal injuries, a sworn statement of an injury, presented to the city council, is not admissible in a subsequent action for such injuries, even to show that the claim had not been paid.

5. In an action for personal injuries, evidence by nonexperts as to the physical condition of plaintiff before and after the accident were inadmissible.

6. In an action for personal injuries, questions to plaintiff as to what was her condition at a certain time "as a result of the injury" were improper, because assuming a controverted fact.

(Opinion filed Jan. 20, 1904.)

Appeal from circuit court, Pennington county; Hon. W. G. RICE, Judge.

Action by Myrtle Harvey against the city of Rapid City. Plaintiff died after trial, and Charles M. Fallon, as administrator, was substituted. From a judgment for plaintiff, defendant appeals. Reversed.

*Buell & Gardner,* for appellant.

Plaintiff's declarations that form no part of res gestæ are not admissible as evidence. Tenny v. Rapid City, 17 S. D. 282 96 N. W. 96; Jones on Evidence, § 236; Dundas v. The City of Lansing, 75 Mich. 499; Jones on Evidence, § 348; Tennis

v. Interstate Etc. R. R. Co., 25 Pac. § 876; Atchinson Etc. R. R. Co. v. Logan, 70 Pac. 78; Insurance Company v. Sheppard, 12 S. E. 18; Rossa v. Boston Loan Company, 132 Mass. 439.

The declarations of the party to his physician or to other persons as to the cause of the injury, or those charging liability upon other persons, are not admissible, when not made at the time of the injury.

The narration of past occurrences, e. g., the manner in which a party has been injured, are no more competent when related by a physician than when stated by a non-professional witness. Dundas v. City of Lansing, supra; Merkle v. The Township of Bennington, 58 Mich. 160; Rossa v. Boston Loan Co., supra.

Testimony should be confined to facts, and opinions, and conclusions of witnesses are not admissible. Tenny v. Rapid City, 17 S. D. 282, 96 N. W. 96; Webster v. White, 8 S. D. 479; Tetrault v. O'Connor, 76 N. W. 225; Kneeland v. Northwestern Ele. Co., 81 N. W. 67; Erickson v. Sophy, 10 S. D. 71; Jones on Evidence, § 374; Enos v. St. Paul F. M. & I. Co., 4 S. D. 639.

The court erred in admitting in evidence the mortuary tables, there being no allegation in the complaint of permanent injury. Tenney v. Rapid City, 96 N. W. 96; Mott v. Detroit G. H. & M. R. R. Co., 79 N. W. 3; Foster v. Village of Bellaire, 86 N. W. 383; Sax v. Railway Co., 84 N. W. 318; Leech v. R. R. Co., 84 N. W. 316; City of Honey Grove v. Lamaster, 56 S. W. 1053.

*Chauncey L. Wood* and *Wesley A. Stuart,* for respondent.

Declarations to be a part of the res gestæ are not required to be precisely concurrent in point of time with the principal

fact, if they spring out of the principal transaction, if they tend to explain it, are voluntary and spontaneous and are made at a time so near it, as to preclude the idea of deliberate design, then they are to be regarded as contemporaneous and are admissible.    People v. Vernon, 35 Cal. 49;   Bennett v. N. P. R. Co., 49 N. W. 408; Bridge v. City of Oshkosh, 37 N. W. 409;  Railway Comany v. Newell, 3 N. E. 836;   Travellers Insurance Co. v. Mosley,  (75 U. S.) Book 19, L. C. P. Ed., 430; Sanders v. Reiser, 1 Dak. 151; State v. Hogan, 32 Minn. 394.

But conceding that the questions call for the opinions of the witnesses as to the condition of the plaintiff, at the times in question, still the questions and the evidence brought out by them are proper.    Louisville, etc., R. R. Co. v. Wood, 14 N. E. 572;  Vermillion, etc., Co. v. City, 6 S. D. 466; Carthage, etc., Co. v. Andrews, 1 N. E. 364; Enos v. St. Paul, etc.,   Co. 4 S. D. 639.  See page 661. Allison Highby Executor, etc., v. The Guardian, etc., 53 N. Y. 603.

FULLER J.   There was judgment for plaintiff in this action to recover damages for an alleged injury sustained by Myrtle Harvey on a defective sidewalk, and the defendant city appeals.

The death of the plaintiff having been suggested since the trial of the case; the administrator of her estate was substituted as respondent on appeal.   It appears from the evidence offered in support of the complaint that Miss Harvey was walking from her place of residence in Rapid City to the post office at about the usual time for the arrival of the train, and shortly before dark, on the 27th day of August, 1901. She was entirely familiar with the general condition of the sidewalk over which

she passed, and knew that a portion of a board, where the accident occured, was broken and gone. Upon reaching this defective place in the walk, which was near the middle of the block, her foot went through the hole in the walk thus occassioned, causing her to fall and sprain the left ankle. That the injury was apparently slight is clear from the fact that she immediately proceeded on her way to the postoffice, where she waited for the mail to be distributed, and then walked back to her home. Nothing was done at the time in the way of professional treatment, and about four weeks thereafter she opened a county school in the vicinity of Hill City, and taught for five consecutive months. During two weeks of the term her boarding place was at least three miles from the schoolhouse, and she walked back and forth each day. Finding it difficult to walk so great a distance, she obtained a boarding place about one mile and a half from the schoolhouse, and later removed therefrom to the residence of Mr. Bain, from which she was required to walk but a short distance. For a portion of this time she attended and participated in dances, but toward the last of the term the condition of her injured ankle was such that she was forced to relinquish all recreation and discontinue the school. Upon returning to her home early in March, 1902, she was unable to walk from the street to the house without the aid of a chair, and she then called a physician, who diagnosed the case as rheumatism, accompanied with a slight cough. On the 8th day of April, Dr. Waldron, a physician and surgeon, was called, who found the patient suffering from a badly swollen ankle, from the appearance of which and a general diagnosis of the case it was then determined that she was afflicted with tuberculosis of the joint.

Counsel for the city having allowed her to relate facts and circumstances tending to show that her injury was permanent, by permitting her to state, without apparent objection, that her foot was amputated on the 17th day of November, 1902, it was not prejudicial error to overrule an objection to the following question propounded to the attending surgeon who assisted in the operation: "You may state whether or not it afterwards became necessary, by reason of the tuberculous condition of the joint, to remove the foot." The objection that the complaint contains no allegation of permanent injury being thus waived by the unchallenged admission of testimony to that effect, it was not error to introduce mortality tables showing the expectancy of life.

In support of the cause of action alleged in the complaint, the mother of plaintiff testified, and, referring to the time of the accident, the following proceedings took place at the trial: "Q. Now, when she returned home that evening, what, if anything, did she say about it? (Defendant objects to the question as calling for a self-serving declaration, and hearsay testimony, and calling for a declaration of the plaintiff too far remote from the time of the alleged injury to form a part of the res gestæ, and incompetent, irrelevant and immaterial. Objection overruled. Defendant excepts.) A. When she came in, about the first thing she said was, 'I hurt my foot,' and I says, 'How?' and she says, 'I stepped in a hole in the sidewalk;' and I says, 'Not much?' and she says, 'It hurts.'" Testifying with reference to the occasion of plaintiff's return from her school, more than six months after the accident occurred, the witness stated, over the same objection, that her daughter told her that "she had been standing on the injured foot, and that

it had been very painful; that she had been going around with a chair and cane."

Over the objection that the question called for hearsay testimony, and a self-serving declaration, Dr. Van Buskirk, who visited the patient in March, was allowed to answer that "she stated that she had received an injury in spraining her ankle in a defective sidewalk along about where Mr. Strohm lives, east of the Getchell House."

What plaintiff afterward stated with reference to falling upon a sidewalk was held hearsay and inadmissible in the recent case of Tenney v. Rapid City, 17 S. D. 282, 96 N. W. 96. In order to be admissible as a part of the res gestæ, a declaration must be made without premeditation, and contemporaneously with the litigated occurrence from which it emanates and derives credence. So a party seeking to recover damages on account of a personal injury is precluded from giving in evidence his own declarations concerning the accident, unless such declarations are concurrent and spontaneous manifestations, free from all suspicion of afterthought.

In an action against a city railroad company to recover damages sustained by one alleged to have been thrown by a conductor from a passing street car, it was held reversible error to allow witnesses to state what the injured boy said immediately after the act complained of and while he was walking from the middle of the street to the opposite sidewalk. Concerning his declarations the courts say: "They were not concurrent with the injury, nor uttered contemporaneously with it, so as to be regarded as a part of the principal transaction. They were made after the injury was received, and were merely narrative of what had taken place. They were

spoken by the deceased as his answer, when he was asked 'what was the matter.' The true inquiry, according to all the authorities, is whether the declaration is a verbal act, illustrating, explaining, or interpreting other parts of the transaction of which it is itself a part, or is merely a history, or a part of a history, of a completed past affair. In the one case it is competent; in the other it is not." Chicago West Division Ry. Co. v. Becker, 128 Ill. 545, 21 N. E. 524, 15 Am. St. Rep. 144.

Not being called upon to invoke the full force of what appears to be the prevailing rule, the foregoing and following cases are sanctioned at this time only to the extent of illustrating the error of the trial court in allowing witnesses to narrate what Miss Harvey had said in her own behalf concerning the accident and the suffering thereby occasioned. Waldele v. N. Y. C. & H. R. R. Co., 95 N. Y. 274, 47 Am. Rep. 41; Tennis v. Interstate Consolidated Rapid Transit Ry. Co. (Kan. Sup.), 25 Pac. 876; Railway Co. v. Logan, 65 Kan. 748, 70 Pac. 878; Sullivan v. Or. Ry. & N. Co., 12 Or. 392, 7 Pac. 508, 53 Am. Rep. 364; McCausland v. Wonderly, 56 Ill. 410; Fitzgerald v. Town of Weston, 52 Wis. 354, 9 N. W. 13; The Augusta & Summerville R. R. Co. v. Randall, 79 Ga. 304, 4 S. E. 674.

For the reason that a party can never make evidence for himself in such a manner, his own statements relative to the cause, extent, or effect of his injury cannot be given in evidence by an attending physician any more than by a nonprofessional witness. Rossa v. Boston Loan Co., 132 Mass. 439; Merkle v. Bennington Tp., 58 Mich. 156, 24 N. W. 776, 55 Am. Rep. 666; Dundas v. City of Lansing, 75 Mich. 499, 42 N. W. 1011, 5 L. R. A. 143, 13 Am. St. Rep. 457; Lund & Wife v. Inhabitants of Tyngsborough, 9 Cush. 36.

According to all the authorities, plaintiff's sworn statement in the nature of a claim for damages, and her atrorneys' explanation thereof, presented to the city council before the commencement of the action, should have been excluded. It is conceded that there is no statutory provision requiring the presentation of a claim for damages to the city council, and there is no merit in the contention that such self-serving declarations are admissible to show that plaintiff's demand had not been paid. Vicksburg & Meridian Railroad v. O'Brien, 119 U. S. 99, 7 Sup. Ct. 118, 30 L. Ed. 299; Howard v. Ry. Co., 84 Ga. 711, 11 S. E. 452; Tenny v. Rapid City, supra.

Nor were the statements of nonexperts as to the general health and physical condition of Miss Harvey before and after the accident admissible.

The objection made to the following and other similar questions propounded to Miss Harvey ought to have been sustained, for the reason that they assume the existence of a material controverted fact, and call for conclusions which invade the province of the jury: "Well, before abandoning your school, state what was the condition of your ankle as a result of the injury."

The view taken of the case renders it unnecessary to consider assignments of error relating to questions of contributory negligence, the sufficiency of the evidence to sustain the verdict, and the court's instructions to the jury.

The judgment appealed from is reversed, and a new trial ordered,