732

## ÆTNA LIFE INS. CO. v. QUINLEY.

### No. 10728.

Circuit Court of Appeals, Eighth Circuit.

Feb. 4, 1937.

David A. Fitch, of Omaha, Neb. (Norris Brown and Ralph M. West, both of Omaha, Neb., on the brief), for appellant.

Emmet L. Murphy, of Omaha, Neb. (Kenneth G. Harvey, of Omaha, Neb., on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This was an action brought by appellee as plaintiff to recover disability benefits, hospital and medical expenses, and death benefits, including double indemnity, alleged to be due on an accident policy. For convenience the parties will be referred to as they appeared below.

The policy insured against loss resulting, directly and independently of all other causes, from bodily injuries sustained, effected solely through accidental means. It was alleged in plaintiff's petition that on the 10th day of April, 1935, the insured sustained bodily injuries by accident while boarding a regular car of the Omaha & Council Bluffs Street Railway Company in the City of Omaha; that in so doing he was thrown against a part of the street car at the entrance platform and sustained a bruise of the right thigh and severe bruise of the scrotum; that as a result of such injuries he necessarily secured medical attention on or about the 26th of April, 1935, at which time he became totally disabled; that he was thereafter continuously under medical attention until he died on the 3d of July, 1935; that the injuries, disability, and death were the direct result of his injuries sustained through the accident alleged. The answer put in issue these allegations of the petition.

At the close of all the testimony, defendant moved for a directed verdict, which motion was denied, and defendant then moved the court to withdraw from consideration of the jury the claim of petitioner that the insured was injured or met with an accident on the street car, for the reason that the evidence was insufficient to

support a verdict to that effect, and for the further reason that there was no competent evidence that insured met with an accident, and that all evidence adduced relative to the alleged accident was purely hearsay and self-serving declarations. This motion was also denied.

Plaintiff had judgment for $10,513.39, from which the defendant prosecutes this appeal. Errors are assigned relative (1) to the admission of evidence; (2) the overruling of defendant's motion for a directed verdict; and (3) the overruling of defendant's motion to withdraw from the jury the claim that the insured was injured or met with an accident on a street car. Certain other errors are assigned, but in our view of the case they are not material or controlling.

As has been observed by reference to plaintiff's petition, it was her claim that the insured, her husband, met with accidental injury April 10, 1935. She testified that on the morning of April 11 she observed that he was lame, but he went to work that day, and his lameness continued. On April 14 he was unable to attend a show with friends, and his condition gradually grew worse, and on April 26 he was ill when he came home from work, and a Dr. Boler was called, who, on the following day, lanced an abscess on the left side of the scrotum. He continued working, and on May 30 he attempted to paint some screens, but was unable to do so. Paralysis appeared in his lower limbs on June 3. On June 8, a Dr. Neuhaus was called in, and insured was taken to a hospital. At that time the paralysis was affecting his upper extremities, and the condition gradually progressed until July 3, 1935, when he died.

Dr. Boler was called as a witness on behalf of plaintiff. He testified that he had made an examination of the insured on April 27, 1935, as his attending physician. He was then asked to give the history which he obtained during the first day or two of his examination and treatment of the insured. This was objected to as hearsay and not binding on defendant. The objection was overruled and the witness was permitted to testify as follows: "I saw this patient and I asked him how it happened and he said that some days previously he had been boarding a street car and in boarding the car there was someone getting on in front of him and he stood up on the steps and made an attempt to go farther and the person in front

of him backed up and that he had slipped and fell and had injured his scrotum. This was followed by several days of inability to get around very well and then this abscess developed."

Dr. Neuhaus, over objection, gave similar testimony. There was no other evidence adduced in support of the allegation of the petition that the insured met with an accident on a street car which caused his death, except that of these two attending physicians.

As an exception to the hearsay rule, statements by an injured or deceased person as to his condition and symptoms at the time of his examination by a physician called for the purpose of treatment are admissible. Northern Pacific R. Co. v. Urlin, 158 U.S. 271, 15 S.Ct. 840, 39 L.Ed. 977; Delaware, L. & W. R. Co. v. Roalefs (C.C.A.3) 70 F. 21; United States v. Nickle (C.C.A.8) 60 F.(2d) 372; Kansas City Southern R. Co. v. Clinton (C.C.A. 8) 224 F. 896. The rule is equally well settled that statements made by an injured or deceased person as to the cause of the injury and the circumstances attending the accident, made to his physician so long after the accident as not to be a part of the res gestæ, are not admissible, since they are a narrative of past events in the nature of self-serving declarations and hearsay. London Guarantee & Accident Co. v. Woelfle (C.C.A.8) 83 F.(2d) 325, and cases there cited.

It is urged by counsel for plaintiff that the rule announced in London Guarantee & Accident Co. v. Woelfle, supra, is in conflict with that announced by us in United States v. Nickle (C.C.A.8) 60 F.(2d) 372; but in this counsel is entirely in error; in fact, the Nickle Case is cited by Judge Sanborn in the Woelfle Case. The reason for the rule is well stated in Fallon v. Rapid City, 17 S.D. 570, 97 N. W. 1009, 1011, where it is said: "For the reason that a party can never make evidence for himself in such a manner, his own statements relative to the cause, extent, or effect of his injury cannot be given in evidence by an attending physician any more than by a nonprofessional witness."

If this were not the rule, then an injured person might have himself examined by a physician called for treatment, relate to him the alleged facts with reference to the circumstances under which he received his injuries, might place this

physician on the witness stand to narrate his version of the facts and circumstances under which he received his injuries, and not himself take the witness stand at all, and by so doing deprive the defendant of the right of cross-examination, and if he perchance employed a number of physicians, his testimony might be multiplied with impunity so far as cross-examination is concerned.

Statements made to a physician, called for the purpose of treatment, as to pain or suffering, or the location or nature of symptoms, made for the purpose of diagnosis and treatment, are received as circumstantial evidence of the existence of the physical condition of the patient; but a narrative statement to the physician which relates to 'facts not connected with diagnosis and treatment, such as the cause of the injury, or the circumstances under which the injury was received, is not admissible.

[5, 6] It was error to receive the testimony of the physicians which purported to give insured's version as to the circumstances under which he received his injuries. Without this testimony there was no evidence to support plaintiff's claim of accidental injury, and hence the court should have directed a verdict in favor of defendant.

The judgment is reversed, and the cause remanded to the lower court, with directions to grant a new trial.