## WINNINGHAM et al. v. TRAVELERS INS. CO.

### No. 5282.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1937.

Hoyet A. Armstrong, of Dallas, Tex., for appellants.

Pinkney Grissom, of Dallas, Tex., for appellee.

Before SIBLEY and HOLMES, Circuit Judges, and STRUM, District Judge.

SIBLEY, Circuit Judge.

The case concerns compensation under the Texas Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., for the death of D. M. Winningham, an employee in the assembly plant of the Ford Motor Company at Dallas, Tex. Winningham was proven to have come home from work Monday night, March 16, 1936, with a bruise the size of a quarter of a dollar on the inside of the left leg just above the knee. He worked the next day, but saw a physician that evening, to whom he stated the bruise was caused by the blow of a hammer while he was at work. He told his wife the same thing that night. There was no other direct evidence that he suffered any injury in his employment. By Friday he was paralyzed in his left side and on Saturday was taken to a hospital, later operated on by trephining for brain abscess, and died of pneumonia April 6th. The physicians for the most part thought the pneumonia came from the brain abscess, which was investigated by an autopsy, but that there was no connection between the brain abscess and the bruise on the leg. Two physicians thought the bruise might have produced the abscess. All agreed that the paralysis was due to the abscess. The verdict was directed against recovery, after the court rejected the statements of Winningham as to how he got the bruise, as being hearsay:

What Winningham said to his wife, whether it was said Tuesday night as she first stated or Monday night as she later offered to testify, was mere narrative of a past occurrence at a distance of twenty miles from the place of work and several hours at least after the asserted occurrence. He was not laboring under excitement or in great pain, but quietly conversing with his wife at home. What he'

said to her about it is not res gestae of any occurrence at the Ford plant. Halleck 'v. Accident Indemnity Co., 5 Cir., 75 F.2d 800; Bonner v. Texas Co., 5 Cir., 89 F.2d 291. So what was said to the doctors the evening of Tuesday and on Friday in answer to their questions is only hearsay. We have not exclamations of pain while under physical examination or a statement of present symptoms, but a narrative of a long-past event, tending to establish in him a right to compensation. There is nothing in the relation of physician and patient that would convert the patient's self-serving declaration into evidence. Boston & Albany R. Co. v. O'Reilly, 158 U.S. 334, 15 S.Ct. 830, 39 L. Ed. 1006; London Guarantee & Accident Co. v. Woelfle, 8 Cir., 83 F.2d 325; Aetna Life Ins. Co. v. Quinley, 8 Cir., 87 F.2d 732.

There remains no direct evidence at all that Winningham was injured while at work. A witness who worked with him on Monday and Tuesday testifies that he did not see him get hurt or know of. it. Tuesday evening Winningham went to the first-aid room at the plant, showed the bruise and said it had been made while at work the preceding night. The interne suggested some slight treatment and made a report of the visit. On Friday the plant physician, Dr. Hurt, examined Winningham, who again claimed to have been injured while at work. On the occurrence of the paralysis on Saturday Dr. Hurt sent him to a hospital and employed a nurse, having conferred with some representative of the Traveler's Insurance Company. The insurance company paid the nurse, and it may be assumed that arrangements were ratified if not authorized by it. Dr. Hurt also made, as we understand him, the usual accident report to the Ford Motor Company, the Traveler's Insurance Company, and the Industrial Accident Board. Appellant contends that in this there appears a sufficient admission of liability.

■ None of the reports are in evidence, and we do not know what they contained. They may have denied instead of admitting liability. It was held in Texas Employers' Ins. Ass'n v. Mummey, Tex.Civ. App., 200 S.W. 251, that such reports might be used in evidence as admissions, but the Texas act, article 8309, § 5, Vernon's Ann. Civ.St., now provides: "The reports of accidents required by this law to be made by subscribers shall not be deemed as admissions and evidence against the association [insurer] or the subscriber [employer] in any proceedings before the board or elsewhere in a contested case where the facts set out therein or in any one of them is sought to be contradicted by the association or subscriber." This provision renders the reports privileged. No admission of liability is involved in making them.

■ Nor do we think the hospitalization and nursing of Winningham can be treated as an admission of injury in the course of employment. He was without means, paralyzed, and comatose. Humanity to a faithful employee would be enough to explain the act on the part of the employer. On the part of the insurance company, while there was no known industrial accident, Winningham had claimed there was one and it might be true. It was the part of prudence to have him treated that the consequences might be minimized. He was in no condition to make any business agreement about it. This hospitalization under the circumstances is as reasonably to be attributed to a prudent effort to lessen the results of the injury if there should be liability established, as to a purpose to confess liability. It would be serious indeed to hold that the giving of emergency medical attention to an injured employee might be construed into an admission sufficient by itself to fix liability. Sound policy requires that the way be left clear promptly to treat the injury, leaving to a more deliberate examination the decision whether liability to make compensation should be admitted or denied. The mere according of medical treatment in an emergency is not an admission sufficient to carry the burden of showing an injury in the course of employment.

The judgment is affirmed.