## HARTFORD ACCIDENT & INDEMNITY CO. v. CARTER.
### No. 9290.

Circuit Court of Appeals, Fifth Circuit.
March 16, 1940.

---

James C. Wilson, Jr., of Fort Worth, Tex., for appellant.

W. F. Nix, of Amarillo, Tex., for appellee.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This action was brought by appellee to recover benefits under the Texas Workmen's Compensation Act, Vernon's Ann. Civ.St. art. 8306 et seq., for the death of her husband, an employee of the West Texas Cotton Oil Company. She alleged that, on March 8, 1938, in the course of his employment, he became entangled in an air hose, fell against a rotating coupling, and sustained injuries which resulted in his death on the 29th day of October, 1938. The jury returned a verdict for the plaintiff below, appellee here; hence this appeal.

No one saw the deceased struck on the head, and whether or not he received such a blow and died therefrom were the issues presented to the jury on the trial. The witness Standifer and the deceased, Proctor Carter, worked in the same room. Their duty was to blow off the linters with an air hose. While Carter was doing this, Standifer left the room for a minute or a minute and a half; on his return, the air hose was bobbing about and beating against something. A fellow workman cried out, "Joeab [a nickname for Carter] is hurt," and a few seconds later Carter, apparently dazed, was found leaning against an oil car, having either had a stroke of apoplexy or sustained a traumatic injury to his head. Bumps and a tender spot on the left side of his head were observed soon after the occurrence. An operation before death, and later an autopsy, revealed a blood clot inside the skull cavity, an indentation in the brain itself indicating destruction of brain tissues, and a fluid peculiar to hematoma beneath the surface where a bump had been seen on his head. The air hose that he had been using was pulled between the linters, which warranted an inference by the jury that he had gone under a revolving shaft, where he might have received a severe blow on the head. Medical testimony favorable to each side was introduced, and, further, there was an admission against interest by the deceased that he had not been injured. This statement followed the time of the alleged injury so closely as probably to be a part of the res gestae; but, in any event, it was competent evidence as an admission against interest, its worth, weight, and credibility being for the jury, who either did not believe it to be true, or rejected it as worthless because the man was lapsing into unconsciousness at the time it was uttered.

In these circumstances, it was prejudicial error for the district court, over the objection of appellant, to admit the testimony of a doctor that deceased told him four days after the alleged injury that he had received a blow on the head. It is true that the court, in its charge to the jury, said that this statement was not admitted as "conclusive evidence" of the fact, but was "admitted for the purpose of showing the connection of the diagnosis of the doctor and what probably entered into that diagnosis"; but this limitation did not cure the error, because the statement was not admissible for any purpose, being merely a self-serving declaration of the deceased, not within any exception to the hearsay rule. It was not a part of the res gestae, not an exclamation of present pain or suffering, or the recitation of existing symptoms, but the relation of a past event. Winningham v. Travelers Ins. Co., 5 Cir., 93 F.2d 520; Lumbermen's Reciprocal Ass'n v. Adcock, Tex.Civ.App., 244 S.W. 645.

With this incompetent statement of the deceased to his physician excluded from the record, it is argued that the court below erred in refusing to appellant a peremptory instruction directing the jury to return a verdict in its favor. We think the court committed no error in this respect, even though no witness saw the deceased at the time of the alleged injury, and there was no direct testimony of his having received a blow on the head. The fact of such traumatic injury is susceptible of proof by circumstantial evidence, and there is in the record substantial evidence of facts from which a fair jury may reasonably infer that the deceased, while work-

ing in appellant's plant, received the fatal blow on the head as alleged by appellee. The jury might have inferred the contrary, but that is not important on this point, because the request for a peremptory instruction searches the record for evidence to support a denial thereof. It is important, however, in determining the prejudicial character of the error in admitting the incompetent statement of the deceased to his physician. On the competent evidence in the record, the jury might have found for either side, but when the incompetent self-serving declaration of the deceased was thrown into the scales, we are convinced that the appellant was deprived of a substantial legal right.

Because of the error of the court below in admitting the incompetent evidence aforesaid, the judgment of the district court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.