## LAWRENCE v. INDUSTRIAL OVERALL CO., et al.

Circuit Court, Dade County, Civil Appeal.
June 25, 1952.

Quentin T. Eldred, Miami, for appellant.

Lawrence G. Lally, Miami, and Rodney Durrance, Tallahassee, for appellees.

STANLEY MILLEDGE, Circuit Judge.

The deputy commissioner and the full commission have both decided against the claim of the employee. The decision seems to be based on a belief that the employee's injury resulted from an automobile accident in 1939 rather than from an accident on January 25, 1951, while working for the Industrial Overall Company.

These judgments must be reversed since there is, in my opinion, no competent testimony to support the decision against the claimant. The claimant made out his case. He testified that on January 25, 1951, while delivering laundered uniforms for his employer to Al Hotard, Inc., a customer of the employer, he slipped on a chemical in the wash rack and immediately complained of back pain. This was corroborated by an

eye witness, Jack Perry Lewis, then an employee of Al Hotard, Inc. Claimant's wife, Mildred, corroborated the story of an accident on January 25, 1951, and described the nature of the hurt. Dr. Kindler testified that the day following, January 26, he diagnosed the claimant's condition as "sacro-iliac sprain" pursuant to a history of an accident the day before. He also testified that during the previous 2½ years (when he had the medical care of claimant) there had been no complaint of back trouble.

This, (together with evidence as to wages) clearly made out a case for compensation. If there were any substantial, competent evidence in opposition I should not disturb a conclusion based on such evidence. The testimony against the claimant was not substantial and, I think, is clearly incompetent and inadmissible. The testimony which is relied on to defeat the claim consists entirely of Dr. Cullipher's recitation of a history given him by the claimant which conflicts with the claimant's testimony before the deputy. Even if such evidence is admissible, it is patently insufficient to overcome the clear case made by the employee. Dr. Cullipher said that the claimant told him on March 8, 1951 that he got a catch in his lower back while getting out of bed in December, 1950; that he had been injured in an automobile accident in 1939 when a flattening of the disc was diagnosed, and from which he was in a cast for 20 weeks.

Actually Dr. Cullipher was not put on the stand to impeach the claimant by showing statements of the claimant inconsistent with his testimony at the hearing, but even as impeachment this testimony could not defeat the claimant. The testimony of Lewis, a disinterested witness, without the aid of claimant's testimony, shows that Lawrence was hurt on the job. Dr. Cullipher did not say that the 1939 accident and not the recent injury was the sole cause of the claimant's hurt. He merely said that probably Lawrence received a back fracture in 1939. Even this is based on the doctor's assumption that Lawrence was in a cast for 20 weeks. This assumption was wrong for at the deputy's request the treating doctor, Dr. Goldstein, wrote that the first cast was removed after 11 days and a removable cast applied. This was replaced after 23 days by a corset. Except for the history, all other parts of Dr. Cullipher's testimony was favorable to the claimant.

The history given by Lawrence to Dr. Cullipher was not admissible at all as to the truth of the facts stated, but was

admissible solely to show the basis for the doctor's medical opinion. 20 Am. Jur. page 531. To same effect is Manuel v. Metropolitan Life Ins. Co. (La.), 139 So. 548. The same question as to the opinion evidence of an appraiser arose in Thornton v. City of Birmingham (Ala.), 35 So. 2d 545, in which the court said:

"As noted in 32 C.J.S., Evidence, Sec. 521, page 219, the party offering an expert is at liberty to reinforce his judgment by showing the grounds on which it is based, but facts so stated do not become independent evidence to establish the fact of inquiry."

See also annotation in 130 A.L.R. 985.

The carrier contends that the claimant waived the objectionable testimony by not objecting. As already stated, (and see Fred Howland, Inc., v. Morris (Fla.), 196 So. 472), the history given to the doctor by the patient *is* admissible but for the purpose *only* of showing the basis for the opinion stated to the court.

The reason for rejecting medical history as evidence of the truth or falsity of the facts stated are the same as for rejecting other hearsay. The unreliability of such hearsay is actually demonstrated in the testimony of Dr. Cullipher as to the length of time Lawrence had been in a cast in 1939. The letter from Dr. Goldstein shows how incorrect Dr. Cullipher was.

The judgment appealed from is reversed with directions to award to claimant statutory compensation and benefits since the evidence shows that the claimant was injured as a result of an accident arising out of and in the course of his employment, and to award to Quentin T. Eldred, claimant's attorney, the sum of $500 for his services in this court as well as before the deputy commissioner and the full commission.