181 So.2d 591 (1965)
Harry M. WILKINSON, Appellant,
v.
Helen Tennant GROVER, Appellee.
No. 65-109.
District Court of Appeal of Florida. Third District.
December 28, 1965.
Rehearing Denied January 26, 1966.
*592 Loewenstein, Dunn & Johnson, Thomas A. Horkan, Jr., Miami, for appellant.
Dean & Adams and Jeanne Heyward, Miami, for appellee.
Before HENDRY, C.J., and CARROLL and SWANN, JJ.
HENDRY, Chief Judge.
This is an appeal by plaintiff, HARRY M. WILKINSON, from a judgment of the Circuit Court of Dade County, Florida entered on a verdict for the defendant, HELEN TENNANT GROVER, in an action arising out of an automobile intersectional collision.
Plaintiff, in his complaint charged the defendant with negligent operation of an automobile causing it to come into contact with the automobile operated by the plaintiff, and causing him extensive injuries and damages.
The answer of the defendant denied any negligence and asserted that plaintiff was guilty of negligence which directly and proximately contributed to his alleged damages.
Subsequently, pursuant to leave of court, the defendant filed a counterclaim charging the plaintiff with negligence which resulted in injuries to her. Jury verdicts were returned in favor of defendant on plaintiff's claim and for plaintiff on defendant's counterclaim. The judgment entered on the verdict against the counterclaimant is not here appealed.
It appears from the testimony that the accident occurred at the intersection of N.W. 135th Street and 5th Avenue in the City of North Miami. It was dusk and sprinkling rain at about 6:15 P.M. on September 9, 1963. Plaintiff got off work at 6:00 P.M. and had dropped a friend off immediately prior to the accident. He entered 5th Avenue from N.W. 134th Street and proceeded north. Plaintiff testified that upon reaching the intersection of N.W. 135th Street and 5th Avenue he drove up to the stop sign and stopped. N.W. 135th Street is a one-way street for east bound traffic, having two lanes. Plaintiff looked to his right and saw no vehicles although his vision was unobstructed for three or four hundred feet. A car passed directly in front of him traveling east and as he looked to his left he saw a Volkswagen approximately 200 feet away which was also traveling east. He waited until the Volkswagen passed and then entered into the intersection without again looking to his right. When he was about half way across the intersection he suddenly realized that there was a car approximately 40 feet away which was approaching from his right at a speed of at least 40 miles per hour. Plaintiff applied his brakes but was unable to avoid the collision. It was ascertained from the evidence that the front of plaintiff's car came into contact with the left side of defendant's car from the door to the front fender.
Carol Pessak, a passenger in the Volkswagen mentioned above, which was driven by her husband, testified that she saw a car subsequently identified as defendant's, coming directly toward the car in which she was riding. After crossing the intersection at N.W. 135th Street and 5th Avenue her husband pulled over to the right side of the street to allow defendant's car to pass, after which she heard a crash. Mrs. Pessak testified that when she passed the intersection she thought she saw a car stopped to her right.
The investigating officer at the scene of the accident testified that the defendant had a strong smell of alcohol, her eyes were bloodshot, she was talkative, her speech was slurred and she swayed and staggered.
*593 Over the objection of the plaintiff's attorney, a brief history form of the North Shore Hospital was introduced into evidence. This form was signed by Dr. Robert S. Tolmach, who examined the plaintiff on the morning after the accident. Plaintiff had been admitted to the North Shore Hospital following the accident. The form contained the following:
"Says he was doing at least 40 m.p.h. and remembers the street and avenue and address of the accident."
Dr. Tolmach testified, by deposition, that the plaintiff told him he remembered all of the details of the accident and that he was doing 40 miles an hour. The plaintiff testified that he told the doctor the other driver had been doing at least 40 miles an hour.
The principle point to be determined on this appeal is the admissibility of the hospital form and the weight to be given the testimony of Dr. Tolmach.
Plaintiff contends that it was prejudicial error to admit the above quoted portion of the hospital form as being hearsay; as not being included under § 382.31, Fla. Stat., F.S.A.; and as not being the best evidence.
The contents of a public record may be introduced into evidence as an exception to the hearsay rule.[1] Hospital records are admissible under this exception by virtue of § 382.31, supra, which requires hospitals to make a record concerning persons admitted; however, not every hospital paper connected with a patient's case is admissible as a hospital record.[2]
If there was any error in the introduction of the objected-to portion of the hospital form it is harmless as there is competent testimony by Dr. Tolmach as to the very same facts.[3]
The plaintiff admits that the testimony of Dr. Tolmach was admissible as an examining physician is entitled to base his expert opinion or conclusions on the history given by the patient.[4] However, he asserts that the doctor's recitation of the medical history, while admissible to show the basis for a medical opinion, is not admissible under the hearsay rule as to the truth or falsity of facts contained therein.[5] Plaintiff concludes that since this testimony was the only evidence unfavorable to him and because it could not create an issue of fact the court erred in not granting his motion for a directed verdict.
The general view is that statements by an injured person as to the cause of the injury and the circumstances attending the accident, made to a physician which could not be considered part of the res gestae are inadmissible as substantive evidence since they are a narration of past events. As such, they are generally self-serving declarations and not within any exception to the hearsay rule.[6] However, the testimony in this case is not offered by the party making the statement but by his opponent. Wigmore states that,
"The statements made out of court by a party-opponent are usually deemed admissible when offered against him... . The hearsay rule, therefore, is not a ground of objection when an opponent's assertions are offered *594 against him; in such cases, his assertions are termed admissions."[7]
We find that the testimony of Dr. Tolmach concerning plaintiff's admission was admissible as substantive evidence and that its weight and credibility was a question for the jury,[8] and was legally sufficient to take the case to the jury even though it was denied by plaintiff.[9]
Plaintiff's other points on appeal which were predicated upon our finding that this testimony was inadmissible for its substantive value are thus without merit.
Plaintiff further alleges that the court's charge to the jury was unclear, confusing, and though not directly erroneous, is made so by the constant repetition of the charges and references to contributory negligence.
Repetition of one important phase of a case has been criticized by the Supreme Court as adding undue emphasis.[10] This court has held that three full charges on the subject of contributory negligence and a reference to it in five others was undue emphasis.[11] An examination of this record discloses that the court discussed the question of contributory negligence as to each party in outlining the issues and again in explaining the burden of proof. The court then defined contributory negligence and gave a short summary which referred to this issue. As so given, the charge did not place undue emphasis on the subject of contributory negligence. We find that the charge as a whole was not misleading when applied to the facts of the case.
The judgment appealed is affirmed.
Affirmed.
NOTES
[1] Florida Power & Light Co. v. Bridgeman, 133 Fla. 195, 182 So. 911 (1938).
[2] id.
[3] § 54.23, Fla. Stat., F.S.A., Urga v. State, Fla.App. 1963, 155 So.2d 719.
[4] Fred Howland, Inc. v. Morris, 143 Fla. 189, 196 So. 472 (1940).
[5] Lawrence v. Industrial Overall Co., Cir. Ct. 1952, 2 Fla. Supp. 79.
[6] Walker v. Prudential Ins. Co. of America, 127 F.2d 938 (5th Cir.1942). Hartford Accident & Indemnity Co. v. Carter, 110 F.2d 355 (5th Cir.1940). See Atlantic Coast Line R. Co. v. Shouse, 83 Fla. 156, 91 So. 90 (1922).
[7] 4 Wigmore, Evidence § 1048 (3d ed. 1940).
[8] Sullivan v. McMillan, 26 Fla. 543, 8 So. 450 (1890), 4 Wigmore. Evidence, §§ 1055, 2075 (3d ed. 1940).
[9] Lambros v. Coolahan, 185 Md. 463, 45 A.2d 96 (1945); Litman v. Peper, 214 Minn. 127, 7 N.W.2d 334 (1943).
[10] Lithgow Funeral Centers v. Loftin, Fla. 1952, 60 So.2d 745.
[11] Shaw v. Congress Building, Inc., Fla. App. 1959, 113 So.2d 245.